James Cai (SBN 200189)
*jcai@sacattorneys.com*
Brian A. Barnhorst (SBN 130292)
*bbarnhorst@sacattorneys.com*
Marissa Nebenzahl Sinha (SBN 251398)
*msinha@sacattorneys.com*
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789

Attorneys for Plaintiff, Jinju Zhang

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-5818<br><br>**DERRIVATIVE COMPLAINT FOR CONVERSION, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF** |

Comes now the Plaintiff, JINJU ZHANG (Plaintiff or "Zhang"), and alleges for himself and derivatively on behalf of nominal defendant CAMIWELL, INC. (formerly Camiwell, LLC; "Camiwell US"), as follows:

**THE PARTIES**

1. Mr. Zhang is an individual residing in Ferndale, Washington.[1]

2. Plaintiff is informed and believes and, based thereon, alleges that Defendant BELIN YUAN ("Yuan") is an individual residing in Mississauga, Ontario, Canada, and was at all relevant times conducting business in Santa Clara County, California.

3. Plaintiff is informed and believes and, based thereon, alleges that Defendant HONG LIN ("Lin") is an individual residing in Mississauga, Ontario, Canada, and was at all relevant times conducting business in Santa Clara County, California.

4. Plaintiff is informed and believes and, based thereon, alleges that nominal Defendant Camiwell US is and, at all times relevant to this action, was a California corporation conducting business in Santa Clara County, California, with its principal place of business in Santa Clara County, California.

5. Plaintiff is informed and believes and, based thereon, alleges that Defendant CAMIWELL, INC. (CANADA) ("Camiwell Canada"), is and, at all times relevant to this action, was a Canadian corporation conducting business in Santa Clara County, California.

6. Plaintiff is informed and believes and, based thereon, alleges that Defendant BEJING ASIACOM TECHNOLOGY CO., LTD. ("Asiacom China"), is a Chinese information technology services company headquartered in Beijing, China, that provides IT services throughout China and in California, including in this judicial district.

7. Plaintiff is informed and believes and, based thereon, alleges that Defendant ASIACOM AMERICAS, INC. ("Asiacom US"), is Virginia corporation wholly owned by Asiacom China, and, at all times relevant, was and is conducting business in Santa Clara County, California.

/ / / / /

/ / / / /

---

[1] Previously, Mr. Zhang resided in Santa Clara County, California.

8. Plaintiff is informed and believes and, based thereon, alleges that Defendant BANK OF AMERICA CORPORATION ("B of A") is a National Association, and, at all times relevant, was and is conducting business in Santa Clara County, California.

9. Plaintiff is informed and believes and, based thereon, alleges that, at all material times, each of the Defendants other than B of A, or some of them, were the partners, agents, servants, and/or employees of one or more of the other Defendants and, in doing the things hereafter alleged, were acting within the scope of said Defendants' authority such as a partner, agent, servant, and/or employee and with the permission and consent of the other Defendants.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this matter and its California state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

11. Further, the Court has personal jurisdiction over Defendants because they purposefully availed themselves of the laws of California and the United States and have substantial contacts to and business in this judicial district. This Court's exercise of jurisdiction over them would comport with traditional notions of fair play and substantial justice.

12. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims alleged in this Complaint occurred in Santa Clara, California, and the Northern District of California. Also, the core business and assets at issue in this Complaint were and are primarily in this judicial district.

13. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## GENERAL ALLEGATIONS

14. Camiwell US, is an information technology company based in Santa Clara, California. At all times relevant, the directors and shareholders were Zhang, Yuan, and Lin; the officers were Zhang, Yuan, and Hui Sun ("Sun"); Yuan was a 40% shareholder, Zheng was a 35% shareholder, and Lin was a 25% shareholder. Lin and Yuan are married and therefore jointly control 65% of equity of Camiwell US.

15. Plaintiff is informed and believes and, based thereon, alleges that Camiwell Canada is located in Mississauga, Ontario, Canada; it was incorporated by Yuan and is owned exclusively by Yuan and Lin.

16. Plaintiff is informed and believes and, based thereon, alleges that Camiwell US and Camiwell Canada are related as they perform the same business services, share the same website, have substantially the same customers, share the same ownership (other than Zhang, who is only a shareholder of Camiwell US), and utilize the same or substantially similar employees.

17. Until the end of 2018, Camiwell US's main customer was Defendant Asiacom China, which is a contractor for large Chinese technology companies. Asiacom China would subcontract its IT work to Camiwell US, accounting for about 95% of Camiwell US's business. Plaintiff is informed and believes and, based thereon, alleges that Yuan and his brother hold an ownership interest in Asiacom China.

18. In or about 2018, Asiacom China was planning an initial public offering (IPO) of its stock in China, and unsuccessfully tried to acquire Camiwell US.

19. Around the same time, Yuan began to push Zhang to dissolve Camiwell US. Zhang became suspicious of Yuan's motives, and demanded corporate documents of Camiwell US to no avail. On or about July 20, 2020, Zhang initiated a lawsuit in Santa Clara County Superior Court (Case No. 20CV368535, the "State Case") against Yuan, Lin, and Camiwell US.[2]

20. In or about December 2021, Defendant Asiacom China registered its stock for an IPO in China. According to its registration statement (rough English translation), "Due to the failure of the acquisition of Camiwell in the United States, on November 26, 2018, the company established the US Asiacom to be responsible for the execution of business in the United States. At present, the United States and Canada are executed by Asiacom in the United States and Camiwell in Canada respectively, and the main business leader is still Benlin Yuan."

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

---

[2] In September of 2023, the State Case concluded with Zhang accepting separate offers to compromise from Yuan/Lin and Camiwell US pursuant to California Code of Civil Procedure section 998.

21. After its acquisition of Camiwell US fell through, Asiacom China entered the US and Canadian markets by merging with Camiwell Canada and creating Asiacom US, which operated in California with Yuan in charge.[3] According to the Asiacom China IPO registration statement, after Yuan registered Asiacom US, Camiwell Canada was acquired by Asiacom China (through its subsidiary in Hong Kong, Rongsheng Hi-Tech) in or about May 2019.

22. According to the Asiacom China IPO registration statement, Yuan and Lin were paid RMB 10.5705 million (USD and RMB exchange ratio at the time of this Complaint is about 1:7.28) for the sale of Camiwell Canada in June 2019.

23. According to the Asiacom China IPO registration statement, Camiwell Canada diverted Asiacom China's business from Camiwell US to Camiwell Canada, in the amount of RMB 6.5845 million and RMB 3.6031 million in 2018 and 2019, respectively, while outsourcing to Camiwell US to provide the same IT services for no consideration. Plaintiff is informed and believes and, based thereon, alleges that Camiwell Canada was able to minimize its own expenses by maintaining a barebones operation with only two employees.

24. This scheme enabled Yuan and Lin to maximize their profit (approximately $1.4 million) through Camiwell Canada at the expense of Camiwell US, and enabled them to sell Camiwell Canada to Asiacom China for over $1.5 million dollars. None of said information and facts were available to Zhang at the time he filed the State Case, and the same were not alleged as part of his claims in that action.

/ / / / /

---

[3] The complaint in the State Case alleged: "Zhang believes that, since the acquisition with Asiacom fell through, Yuan and Lin have been transferring Camiwell Inc.'s assets, including but not limited to, money, employees, the lease for Camiwell Inc.'s office, and equipment, to Asiacom or Asiacom US, either directly or through Camiwell Canada, for little or no consideration, and without Board of Director approval. For example, on July 31, 2018, Yuan transferred $92,000 from Camiwell, Inc. to Camiwell Canada without any justification or explanation for the transfer. When Zhang asked about the transfer, Yuan stated that it was for expenses, but did not provide a list of specific expenses or proof of those expenses. Additionally, in January 2019, Camiwell, Inc.'s employees were transferred to Asiacom or Asiacom US. On or about May 15, 2019, Yuan attempted to transfer monies from the Camiwell, Inc. bank account to a third-party Hong Kong account without permission or business purpose, and in July 2019, Camiwell Inc.'s lease for office space was transferred to Asiacom or Asiacom US. As a result, at the end of 2018, Asiacom/Asiacom US informed Zhang that it would no longer need Camiwell, Inc.'s services, effectively forcing Camiwell, Inc. out of business."

25. Following the 998 offers and acceptances in the State Case, Yuan and Lin resumed their looting and assault on Camiwell US.

26. On September 28, 2023 (less than a week after the 998 offers were accepted), Yuan and Lin filed a Certificate of Election to Wind Up and Dissolve Camiwell US without Zhang's knowledge or consent.

27. Next, they made three separate and unauthorized withdrawals totaling almost $672,000 from Camiwell US's account at Bank of America (account number 3251 1222 0628), all without Zhang's knowledge or consent, as follows:

   a. $162,500 transfer to a Canadian company controlled by Yuan called Scinal Inc., Canada

   b. $200,000 in the form of a cashier's check payable to an unknown recipient

   c. $309,438 in the form of cashier's check payable to an unknown recipient

28. Even Camiwell US's own counsel in the State Case, Attorney Marie Quashnock, recognized the above-referenced funds transfer as "unauthorized" and requested "that Mr. Yuan immediately return all funds to Camiwell's accounts," to no avail.

29. Plaintiff is informed and believes and, based thereon, alleges that, absent Court intervention, Yuan and Lin plan to make even more unauthorized transactions, without Zhan's consent and inconsistent with the law and good business practices.

30. Ordinarily, Zhang would make a demand to the Board of Directors for Camiwell US to take action against Yuan and Lin to return the funds and profits back to Camiwell US; however, such demand would be futile and is excused by the fact that, as holders of a majority interest in Camiwell US and being two of the three directors, Yuan and Lin could decline to take any such action. Indeed, after the 998 offers were accepted, Zhang demanded return of the funds, through his counsel to counsel for Yuan and Lin, to no avail. Even the request from Camiwell US's own counsel, hired by Yuan and Lin themselves, to return funds to Camiwell US was rebuffed by counsel for Yuan and Lin.

/ / / / /

/ / / / /

/ / / / /

## FIRST CAUSE OF ACTION

### Conversion

(*Derivatively by Camiwell US against Yuan, Lin, Camiwell Canada, Asiacom China, Asiacom US*)

31.     Plaintiff restates and incorporates by this reference each of the allegations contained in the proceeding paragraphs 1-30 as if fully set forth herein.

32.     As stated above, Defendants Yuan and Lin, together with Defendants Camiwell Canada, Asiacom China, and Asiacom US, unlawfully misappropriated money and corporate opportunities of Camiwell US by diverting the business and revenue belonging to Camiwell US to Camiwell Canada.

33.     Further, Yuan and Lin unlawfully misappropriated corporate assets of Camiwell US by withdrawing almost $672,000 from Camiwell US's account at Bank of America, without justification or authority, and without Zhang's knowledge or consent.

34.     Defendants converted and dispossessed said property, assets, and funds without proper authorization.

35.     As a direct and proximate result of Defendants' conduct, Camiwell US has been damaged in an amount to be proven at trial, but not less than $4,000,000.

36.     In engaging in the conduct as alleged herein, Defendants, and each of them, acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish said Defendants and to deter such conduct.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

(*Derivatively by Camiwell US, and individually by Zhang, against Yuan and Lin*)

37.     Plaintiff restates and incorporates by this reference each of the allegations contained in the proceeding paragraphs 1-30 as if fully set forth herein.

38.     As members of the Board Directors of Camiwell US, Yuan and Lin owed to the company and to its shareholders, including Plaintiff, a fiduciary duty.

39.     As alleged herein, Yuan and Lin breached their fiduciary duties by diverting the business and revenue belonging to Camiwell US to Camiwell Canada, and by misappropriating corporate assets and opportunities of Camiwell US.

40. As a direct and proximate result of Defendants' conduct, Camiwell US has been damaged in an amount to be proven at trial, but not less than $4,000,000.

41. In engaging in the conduct as alleged herein, Defendants, and each of them, acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish said Defendants and to deter such conduct.

### THIRD CAUSE OF ACTION

### Unjust Enrichment

(*Derivatively by Camiwell US against Camiwell Canada, Yuan, and Lin*)

42. Plaintiff restates and incorporates by this reference each of the allegations contained in the proceeding paragraphs 1-30 as if fully set forth herein.

43. By engaging in the conduct as herein, Defendants unjustly enriched themselves at the expense of Camiwell US, obtaining benefits wrongfully that they unjustifiably have not returned.

44. As a direct and proximate result of Defendants' conduct, Camiwell US has been damaged in an amount to be proven at trial, but not less than $4,000,000.

### FOURTH CAUSE OF ACTION

### Preliminary Injunction

(*Derivatively by Camiwell US against Bank of America, Yuan, and Lin*)

45. Plaintiff restates and incorporates by this reference each of the allegations contained in the proceeding paragraphs 1-30 as if fully set forth herein.

46. After Yuan and Lin withdrew funds deposited in the business account at Bank of America (account no. 3251 1222 0628), there is still $77,544.29 remaining in that account and another $134,296.28 remaining in a separate account (account no. 3251 0849 4390).

47. Camiwell US through this complaint petitions the Court to issue a preliminary injunction to prohibit Yuan and Lin from further withdrawaling any funds from said accounts, to prohibit Defendant Bank of America from allowing any further withdrawal from said accounts.

48. Camiwell US further asks that the Court enjoin Defendants, and each of them, from dissolving Camiwell US and from diminishing its assets.

/ / / / /

49. Camiwell US further asks that the Court enjoin Defendants, and each of them, from usurping corporate opportunities of Camiwell US.

## FIFTH CAUSE OF ACTION

### Declaratory Relief

(*Derivatively by Camiwell US, and individually by Zhang, against Yuan and Lin*)

50. Plaintiff restates and incorporates by this reference each of the allegations contained in the proceeding paragraphs 1-30 as if fully set forth herein.

51. A dispute presently exists between the parties as to who is entitled to the funds in the above-referenced B of A accounts.

52. A judicial determination is therefore necessary to establish rightful ownership of the funds.

## PRAYER FOR RELIEF

Now, therefore, Plaintiff, individually and derivatively on behalf of Camiwell US, prays for relief and judgment as follows:

1. For injunctive relief preventing Defendants, their successors and affiliates, and all persons acting on their behalf from further unlawfully:
   a. further diminishing Camiwell US and its assets;
   b. transferring Camiwell US assets to their own interests;
   c. taking corporate opportunities of Camiwell US.
2. For compensatory damages in an amount to be proven at trial, but not less than $4,000,000.
3. For punitive damages according to proof.
4. For reasonable attorneys fees and costs to the extent permissible under applicable law.
5. For such other relief as the Court may deem just and proper.

Dated: November 10, 2023                SAC Attorneys LLP

By: <u>Brian A. Barnhorst</u>
James Cai, Esq.
Brian A. Barnhorst, Esq.
Woody Wu, Esq.
Marissa Sinha, Esq.
*Attorneys for Plaintiff, Jinju Zhang*