AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
MEGAN N. ALDWORTH (State Bar No. 351462)
mna@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
BANK OF AMERICA N.A., erroneously sued as BANK OF AMERICA CORPORATION, a National Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,<br><br>    Defendants.<br><br>BANK OF AMERICA, N.A.,<br><br>    Counter-Claimant,<br><br>vs.<br><br>JINJU ZHANG, an individual; CAMIWELL, INC., a California corporation; and ROES 1 to 20, inclusive,<br><br>    Counter-Defendants. | Case No. 5:23-cv-05818-CRB<br><br>**BANK OF AMERICA, N.A.'S ANSWER AND COUNTERCLAIM FOR INTERPLEADER**<br><br>Honorable Charles R. Breyer<br>Courtroom 6 – 17th Floor |

Defendant and Counter-Claimant BANK OF AMERICA, N.A., erroneously sued as BANK OF AMERICA CORPORATION, a National Association ("Defendant" or "BANA"), as for its Answer to the Complaint of JINJU ZHANG ("Plaintiff"), as for its Counterclaim against Plaintiff and Defendant CAMIWELL, INC. ("Camiwell") ("Counter-Defendants"), alleges as follows:

## BANK OF AMERICA'S ANSWER TO THE COMPLAINT

## THE PARTIES

1. In response to Paragraph 1, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

2. In response to Paragraph 2, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

3. In response to Paragraph 3, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

4. In response to Paragraph 4, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

5. In response to Paragraph 5, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

6. In response to Paragraph 6, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

7. In response to Paragraph 7, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

8. In response to Paragraph 8, BANA avers that it is a national banking association that does business in the State of California and the County of Santa Clara. To the extent allegations remain unanswered, Defendant has insufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; accordingly, Defendant denies the same.

9. In response to Paragraph 10, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is

required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

## JURISDICTION AND VENUE

10. In response to Paragraph 10, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

11. In response to Paragraph 11, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

12. In response to Paragraph 12, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

13. In response to Paragraph 13, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

## GENERAL ALLEGATIONS

14. In response to Paragraph 14, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

15. In response to Paragraph 15, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

16. In response to Paragraph 16, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

17. In response to Paragraph 17, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

18. In response to Paragraph 18, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

19. In response to Paragraph 19, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

20. In response to Paragraph 20, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

21. In response to Paragraph 21, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

22. In response to Paragraph 22, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

23. In response to Paragraph 23, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

24. In response to Paragraph 24, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

25. In response to Paragraph 25, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

26. In response to Paragraph 26, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

27. In response to Paragraph 27, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA admits that Camiwell maintained a deposit account with BANA ending in x0628 and that in September of 2023 withdrawals for $162,500.00, $200,000.00, and $309,438.73 occurred from the account. As to the allegations regarding who made the aforementioned withdrawals, BANA lacks information and belief sufficient to answer the allegations contained therein; accordingly, denies them.

28. In response to Paragraph 28, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is

required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

29. In response to Paragraph 29, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

30. In response to Paragraph 30, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

## **FIRST CAUSE OF ACTION – CONVERSION**

*(Against Defendants Belin Yuan and Hong Lin)*

31. BANA re-alleges and incorporates Paragraphs 1-30 of this Answer as if fully stated herein.

32. In response to Paragraph 32, BANA lacks information or belief sufficient to answer the allegations contained therein; accordingly, denies them.

33. In response to Paragraph 33, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

34. In response to Paragraph 34, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

35. In response to Paragraph 35, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

36. In response to Paragraph 36, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is

required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

### SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

*(Against Defendants Belin Yuan and Hong Lin)*

37. BANA re-alleges and incorporates Paragraphs 1-36 of this Answer as if fully stated herein.

38. In response to Paragraph 38, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

39. In response to Paragraph 39, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

40. In response to Paragraph 40, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

41. In response to Paragraph 41, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

### THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

*(Against Camiwell Inc. (Canada), Belin Yuan and Hong Lin)*

42. BANA re-alleges and incorporates Paragraphs 1-36 of this Answer as if fully stated herein.

43. In response to Paragraph 43, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is

1  required, BANA lacks information or belief sufficient to answer the allegations in
2  this Paragraph and on that ground denies them.

3      44.    In response to Paragraph 44, BANA states that this paragraph contains
4  legal conclusions that do not require denial or admission. To the extent a response is
5  required, BANA lacks information or belief sufficient to answer the allegations in
6  this Paragraph and on that ground denies them.

7  **FOURTH CAUSE OF ACTION – PRELIMINARY INJUNCTION**
8  *(Against BANA, Belin Yuan and Hong Lin)*

9      45.    BANA re-alleges and incorporates Paragraphs 1-44 of this Answer as if
10 fully stated herein.

11     46.    In response to Paragraph 46, BANA avers that as of October 31, 2023,
12 the ending balance for the account ending in x0628 was $77,544.29 and ending
13 balance for the account ending in x4390 was $134,296.28. To the extent allegations
14 remain unanswered in this Paragraph, BANA lacks information or belief sufficient
15 to answer the allegations contained therein; accordingly, denies them.

16     47.    In response to Paragraph 47, BANA states that this paragraph contains
17 legal conclusions that do not require denial or admission. To the extent a response is
18 required, BANA lacks information or belief sufficient to answer the allegations in
19 this Paragraph and on that ground denies them.

20     48.    In response to Paragraph 48, BANA states that this paragraph contains
21 legal conclusions that do not require denial or admission. To the extent a response is
22 required, BANA lacks information or belief sufficient to answer the allegations in
23 this Paragraph and on that ground denies them.

24     49.    In response to Paragraph 49, BANA states that this paragraph contains
25 legal conclusions that do not require denial or admission. To the extent a response is
26 required, BANA lacks information or belief sufficient to answer the allegations in
27 this Paragraph and on that ground denies them.

28

**FIFTH CAUSE OF ACTION – DECLARATORY RELIEF**

*(Against Belin Yuan and Hong Lin)*

50. BANA re-alleges and incorporates Paragraphs 1-49 of this Answer as if fully stated herein.

51. In response to Paragraph 51, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA admits the allegations in this Paragraph.

52. In response to Paragraph 52, BANA states that this paragraph contains legal conclusions that do not require denial or admission. To the extent a response is required, BANA admits the allegations in this Paragraph.

**PRAYER FOR RELIEF**

BANA further denies each and every allegation in Plaintiff's prayer for relief, and denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, BANA prays that judgment be entered against Plaintiff and for BANA on all causes of action asserted against it.

As separate and distinct affirmative defenses to the Complaint and to each cause of action contained herein, BANA alleges as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived its right to seek the relief sought due to its own acts and/or omissions with reference to the subject matter of the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes, and thereon alleges, that the Complaint should be barred due to Plaintiff's unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint is barred in whole or part because of Plaintiff's failure to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, by reason of his knowledge, statements, conduct, approval, authorization, and/or ratification, is estopped from recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by operation of the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiff was a result of the intentional, negligent, or otherwise, wrongful acts of third parties, and any claims against BANA shall be reduced in proportion to the faults of these third parties.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

BANA is informed and believes and thereon alleges that Plaintiff has not suffered any alleged damages that were caused by BANA's actions or inaction.

### EIGHTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

Plaintiff may not recover against BANA because Plaintiff's purported damages were the proximate result of superseding and intervening causes unrelated to any act by BANA.

### NINTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

BANA's compliance with the statutes, rules, and regulations, which govern

1 the subject matter of this lawsuit preclude its liability to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Requested Relief Not Available)

The Complaint's prayer requests injunctive relief, a remedy that is not available to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As to all causes of action alleged in the Complaint, the causes of action in the Complaint fail to state facts sufficient to constitute a cause of action against BANA.

## TWELFTH AFFIRMATIVE DEFENSE

### (Commercial Reasonableness)

As to all causes of action alleged in the Complaint, BANA is informed and believes, and thereon alleges, that at all times relevant herein, BANA acted in a commercially reasonable manner and was acting in accordance with reasonable standards applicable to BANA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

BANA presently has insufficient knowledge and information on which to form a belief as to whether it has additional affirmative defenses, and reserves its right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## BANK OF AMERICA'S COUNTERCLAIM FOR INTERPLEADER

1. BANA's Counterclaim stems from the alleged disputed claims as to which party has right to control of funds in two bank accounts, account ending x0628 and account ending x4390 ("Accounts"), and the funds on deposit therein, held in suspense at BANA.

2. BANA has no interest in the Accounts, except for its claim for the reimbursement of costs incurred by BANA in connection with this action, including,

but not limited to, reasonable attorneys' fees.

3. By the Complaint, Plaintiff asserts that it is the superior claim to the funds, or some of them, on deposit in the Accounts.

4. BANA is informed and believes that the stated owners of the Accounts, Camiwell, will, or likely will, claim an interest in the funds on deposit in the Accounts that is adverse to Plaintiff's claim.

5. Considering the competing claims to the right to control the Accounts, BANA is unable to determine in good faith, without potentially exposing itself to multiple liability, who is entitled to the Accounts and the funds deposited therein.

6. BANA has placed in suspense the amounts on deposit in the Accounts, given the competing claims and the instant lawsuit.

7. BANA brings its Counterclaim for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, and asks the Court to issue an Order: (i) resolving the competing rights and claims of Plaintiff and Camiwell to the Accounts and funds on deposit therein; (ii) dismissing this action as to BANA and restraining Plaintiff, Camiwell or any other party from instituting or pursuing any action against BANA with regard to the Accounts or funds on deposit therein; (iii) awarding BANA recovery of its costs associated with this action, including, but not limited to, reasonable attorneys' fees; and (iv) awarding BANA such further relief as this Court may deem just and proper.

8. BANA is prepared to deposit with the Court any funds on deposit in the Accounts so that Plaintiff and Camiwell can litigate their dispute, and the Court can award the funds as appropriate.

WHEREFORE, BANA respectfully requests that the Court issue an Order: (i) resolving the competing rights and claims of Plaintiff and Camiwell to the Accounts and funds on deposit therein; (ii) dismissing this action as to BANA and restraining Plaintiff, Camiwell or any other party from instituting or pursuing any action against BANA with regard to the Accounts or funds on deposit therein; (iii) awarding

BANA recovery of its costs associated with this action, including, but not limited to, reasonable attorneys' fees; and (iv) awarding BANA such further relief as this Court may deem just and proper.

DATED:  January 8, 2024	SEVERSON & WERSON
	A Professional Corporation


	By: /s/ *Austin B. Kenney*
		AUSTIN B. KENNEY

	Attorneys for Defendant and Counter-Claimant BANK OF AMERICA N.A. erroneously sued as BANK OF AMERICA CORPORATION, a National Association