Jonathan E. Sommer (SBN 209179)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:     (415) 981-0550
Facsimile:     (415) 981-4343
jsommer@lubinolson.com

Attorneys for Defendant
BEIJING ASIACOM INFORMATION
TECHNOLOGY CO., LTD. erroneously sued as
BEIJING ASIACOM TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEIJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,<br><br>                Defendants. | Case No. 5:23-cv-5818-CRB<br><br>**DEFENDANT BEIJING ASIACOM INFORMATION TECHNOLOGY CO., LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE AND FAILURE TO STATE A CLAIM**<br><br>Time:     10:00 a.m.<br>Date:     April 5, 2024<br>Judge:    Hon. Charles R. Breyer<br>Courtroom.:     6—17th Floor |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ...........................................................................................1

STATEMENT OF RELIEF REQUESTED .....................................................................................1

I.    INTRODUCTION ...............................................................................................................2

II.    FACTUAL BACKGROUND ..............................................................................................3

      A.    The Liability Allegations .........................................................................................3

      B.    The Facts Relevant to Personal Jurisdiction ...........................................................4

      C.    The Purported Service of Process ...........................................................................4

III.    ARGUMENT .......................................................................................................................5

      A.    The Complaint against Beijing Asiacom should be dismissed because it is not subject to personal jurisdiction in California. ........................................................5

            1.    Beijing Asiacom is not subject to general jurisdiction. ...............................5

            2.    Beijing Asiacom is not subject to specific jurisdiction. ..............................6

      B.    The Complaint against Beijing Asiacom should be dismissed because of insufficient service of process. ................................................................................7

      C.    The Complaint against Beijing Asiacom should be dismissed because it fails to state a claim and is also barred by the statute of limitations. .........................8

            1.    No claim for conversion against Beijing Asiacom is stated. ........................8

            2.    Any purported claim for conversion against Beijing Asiacom is barred by the statute of limitations. ..............................................................10

IV.    CONCLUSION ..................................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AmerUS Life Ins. Co. v. Bank of America, N.A.*,
  143 Cal.App.4th 631 (2006) .................................................................................................. 10

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ......................................................................................................... 5, 9

*Bank of America v. Knight*,
  725 F.3d 815 (7th Cir. 2013) ................................................................................................... 9

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 9

*In re CMR Mortg. Fund, LLC*,
  2009 WL 2870098 (Bankr. N.D. Cal. Sept. 4, 2009) ............................................................. 9

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014) ........................................................................................................... 5, 6

*DFSB Kollective Co., Ltd. v. Bing Yang*,
  2012 WL 1835710 (N.D. Cal. May 21, 2012) ........................................................................ 7

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) ................................................................................................. 10

*Knapp v. Yamaha Motor Corp.*,
  60 F.Supp.2d 566 (S.D.W.V. 1999) ........................................................................................ 8

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) .............................................................................................. 5, 6

*Michigan Motor Tech. LLC v. Volkswagen Aktiengesellschaft*,
  2020 WL 3893038 (E.D. Mich. July 10, 2020) ...................................................................... 8

*Parnell Pharmaceuticals, Inc. v. Parnell, Inc.*,
  2015 WL 5728396 (N.D. Cal. Sept. 30, 2015) ....................................................................... 7

*Pinnacle Employee Services, Inc. v. Pinnacle Holding Co.*,
  2023 WL 2999970 (N.D. Cal. Apr. 17, 2023) ........................................................................ 5

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
  507 F.3d 117 (2d Cir. 2007) .................................................................................................... 9

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ................................................................................................. 6

*Vance's Foods, Inc. v. Special Diets Europe Ltd.*,
    2012 WL 1353898 (E.D. Cal. Apr. 16, 2012) ........................................................................ 5

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ............................................................................................................. 8

*Voris v. Lampert*,
    7 Cal.5th 1141 (2019) .......................................................................................................... 8

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ............................................................................................. 7

**Statutes**

Cal. Corp. Code § 416.10 .......................................................................................................... 8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) ........................................................................... 1, 3

Federal Rule of Civil Procedure 12(b)(5) ........................................................................... 1, 3

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1, 3, 8, 10

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on April 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Charles R. Breyer, the defendant, Beijing Asiacom Information Technology Co., Ltd. (incorrectly named as Beijing Asiacom Technology Co., Ltd.) ("Beijing Asiacom") will move to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for insufficient service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). The motion will be based upon this notice, the memorandum of points and authorities, the supporting declarations of Guilin Gu and Jonathan E. Sommer filed herewith, the opposing and reply briefs, the oral argument of the parties, and the complete files and records for this action.

**STATEMENT OF RELIEF REQUESTED**

Beijing Asiacom moves to dismiss the action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because the allegations in the Complaint do not allege Beijing Asiacom's contacts with the forum that would support the exercise of general or specific jurisdiction and there are none. Beijing Asiacom further moves to dismiss the action for insufficient service of process under Rule 12(b)(5) because the purported service of process on it, as a corporation incorporated and headquartered in China, did not comply with the applicable service requirements. Beijing Asiacom further moves to dismiss the action for failure to state a claim under Rule 12(b)(6) because the sole cause of action pled against it (conversion, the first cause of action) fails to contain any allegations of conversion by Beijing Asiacom and is also barred by the statute of limitations.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Defendant Beijing Asiacom moves to dismiss the complaint against it for: (1) lack of personal jurisdiction, (2) insufficient service of process, and (3) failure to state a claim.  Plaintiff Jinju Zhang alleges a single derivative claim against Beijing Asiacom for conversion.

This case involves Plaintiff's relitigation of his state court case against defendant Camiwell, Inc. ("Camiwell US") and Plaintiffs' two co-shareholders in Camiwell US, Belin Yuan and Hong Lin.  The state court case was filed on July 20, 2020 and resolved in September 2023.  This federal case was filed two months later, with much of the complaint copied from the derivative complaint in the state court case.  The state court case involved the same allegations that Yuan and Lin diverted corporate business from Camiwell US.  The federal case purports to add Beijing Asiacom and its subsidiary, Asiacom Americas Inc. ("Asiacom US") as defendants, as well as Camiwell, Inc. (Canada) ("Camiwell Canada") and Bank of America.

Plaintiff's lawsuit consists of two discrete parts: (1) a repleading of the state court allegations that Yuan and Lin diverted business in 2018 and 2019 from Camiwell US, and (2) new allegations that, after the state court case recently concluded, Yuan and Lin filed a Certificate of Election to Wind Up and Dissolve Camiwell US without Plaintiffs' knowledge and then made unauthorized withdrawals from Camiwell US (see paragraphs 25-30 and 33 of the Complaint).

Beijing Asiacom is a Chinese corporation that has no offices or employees in the United States and is not alleged to have taken any identifiable property from Plaintiff.  The allegations of conduct by Yuan and Lin in September 2023 have nothing to do with Beijing Asiacom, while the vague repleading of the old state court claims fails to state a claim against Beijing Asiacom for conversion and is also barred by the statute of limitations.  Beijing Asiacom is alleged to have (1) done business with Camiwell US until the end of 2018, (2) created a U.S. subsidiary, Asiacom US on November 26, 2018 to execute its business thereafter in the United States, and (3) acquired Camiwell Canada in May 2019.  None of that is actionable as conversion, none of that creates jurisdiction over Beijing Asiacom in the United States, and none of that is within the statute of

limitations.

In light of the foregoing, Plaintiff's Complaint should be dismissed for three distinct reasons.  <u>First</u>, it should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) because the allegations are insufficient to establish general or specific jurisdiction over Beijing Asiacom.  <u>Second</u>, the Complaint should be dismissed pursuant to Rule 12(b)(5) because Beijing Asiacom was never served with the Complaint (it was made aware of purported service by its Virginia subsidiary).  <u>Third</u>, under Rule 12(b)(6), the Complaint fails to state a claim against Beijing Asiacom and, moreover, any such claim would be outside the statute of limitations.

## II.<br>FACTUAL BACKGROUND

### A. The Liability Allegations

While Plaintiff alleges that none of the facts in the Complaint were known to Plaintiff at the time he filed the state court action (Complaint, ¶ 24), the allegations in the two cases line up very closely (see *id.* at p. 5, n.3), with the exception of the new allegations of recent conduct by Yuan and Lin in September 2023, just weeks after the state court case was resolved.  All of the alleged conduct pertaining to Beijing Asiacom occurred in the years of 2018 and 2019.

Until the end of 2018, Camiwell US's main customer was Beijing Asiacom, which is a contractor for large Chinese technology companies.  (Complaint, ¶ 17.)  The same allegation was made in paragraph 17 of Plaintiff's state court complaint (hereafter, the "2020 Complaint", attached as Ex. 1 to the Declaration of Jonathan E. Sommer in Support of Beijing Asiacom Information Technology Co., Ltd's Motion to Dismiss ("Sommer Decl.")).   Beijing Asiacom would subcontract its IT work to Camiwell US, accounting for 95% of Camiwell US's business.  (Complaint, ¶ 17; *accord*, 2020 Complaint, ¶ 17.)  On November 26, 2018, Beijing Asiacom established Asiacom US to execute its business in the United States.  (Complaint, ¶ 20; *accord*, 2020 Complaint, ¶ 18.)  Beijing Asiacom entered the Canadian market by acquiring Camiwell Canada in or about May 2019.  (Complaint, ¶ 21; *accord* 2020 Complaint, ¶ 18.)

In his first derivative cause of action for conversion on behalf of Camiwell US in the lawsuit before this Court, Plaintiff generally alleges that Beijing Asiacom is one of the various

defendants which diverted "business and revenue belonging to Camiwell US to Camiwell Canada." (Complaint, ¶ 32.) However, the specific factual allegations in the Complaint instead allege that it was <u>defendant Camiwell Canada</u> that converted property of Camiwell US: "Camiwell Canada diverted Asiacom China's business from Camiwell US to Camiwell Canada .. while outsourcing to Camiwell US to provide the same IT services for no consideration." (*Id.*, ¶ 23.) Plaintiff further alleges that it was <u>defendants Yuan and Lin</u> who profited "through Camiwell Canada at the expense of Camiwell US," (*id.*, ¶ 24) and that they were paid for the sale of Camiwell Canada in June 2019 (*Id.*, ¶ 22.)

Conversion is the sole cause of action pled against Beijing Asiacom. All of the other causes of action are pled against only Camiwell, Yuan and Lin.[1]

**B.    The Facts Relevant to Personal Jurisdiction**

Beijing Asiacom is a Chinese corporation headquartered in China. It is a publicly-traded corporation listed on a Chinese stock exchange. (Declaration of Guilin Gu in Support of Beijing Asiacom Information Technology Co., Ltd's Motion to Dismiss ("Gu Decl."), ¶ 2).)

Beijing Asiacom has no offices in the United States. It has no employees in the United States. It generates no revenue in the United States. It does not advertise products or services in the United States. (Gu Decl., ¶ 3.)

The only subsidiary of Beijing Asiacom in the United States is Asiacom Americas Inc., a company that is incorporated in the State of Virginia. (Gu Decl., ¶ 4.)

**C.    The Purported Service of Process**

The Court's docket includes a Proof of Service alleging that Plaintiff's process server served summons on "Ying Ding—H.R. Manager" on behalf of "Asiacom Americas Inc. on behalf of Beijing Asiacom Technology Co. Ltd." on February 7, 2024. (Ex. 2 to Sommer Decl.)

Beijing Asiacom has no registered agent in the United States. No one named Ying Ding is employed by it or authorized to accept service of process on its behalf. (Gu Decl., ¶ 5.)

---

[1] The Fourth Cause of Action for preliminary injunction includes Bank of America as a nominal defendant.

# III.
# ARGUMENT

**A.   The Complaint against Beijing Asiacom should be dismissed because it is not subject to personal jurisdiction in California.**

The Complaint should be dismissed because Plaintiff's allegations do not plead specific facts supporting a plausible basis for the exercise of personal jurisdiction over Beijing Asiacom. Plaintiff bears the burden to demonstrate that personal jurisdiction is proper over the defendant. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). To meet this burden, Plaintiff must allege specific facts, not conclusions, that demonstrate a plausible basis for the exercise of personal jurisdiction.  *See, e.g.*, *Pinnacle Employee Services, Inc. v. Pinnacle Holding Co.*, 2023 WL 2999970, at *5 (N.D. Cal. Apr. 17, 2023) (plausibility pleading standard of *Iqbal* must be met for personal jurisdiction allegations); *Vance's Foods, Inc. v. Special Diets Europe Ltd.*, 2012 WL 1353898, at *12 (E.D. Cal. Apr. 16, 2012) (same).  Under that standard, factual allegations are assumed to be true, but conclusions are not; as a result, mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.  *Pinnacle*, 2023 WL 2999970 at *5.  Thus, a general statement that a company "provides services in California" will not suffice, nor does it suffice to allege that a defendant is in "direct contact with customers located in California."  *Id.*

   *1.     Beijing Asiacom is not subject to general jurisdiction.*

In its Complaint, Plaintiff alleges that Beijing Asiacom is a Chinese corporation headquartered in China. (Complaint, ¶ 6.)  While Plaintiff vaguely alleges that Beijing Asiacom "provides" IT services in China and California (*id.*), it more specifically alleges that Beijing Asiacom owns Asiacom US (*id.*, ¶ 7) and that it is Asiacom US that actually provides IT services in the United States: "[Beijing Asiacom" established the US Asiacom to be responsible for the execution of its business in the United States."  (*Id.*, ¶ 20.)

Where a foreign corporation owns a subsidiary in the United States, the foreign corporation is not subject to general jurisdiction merely because the subsidiary is carrying on business in the United States.  This principle was established in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) and has been amplified by subsequent Ninth Circuit opinions.  In *Daimler*, the

Supreme Court announced that the test for general jurisdiction is whether a foreign corporation's "affiliations with the State are so 'continuous and systematic'" *as to render [it] essentially at home in the forum State.*'" *See* 134 S.Ct. at 761 (emphasis added), quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 131 S. Ct. 2846 (2011).  The Court recognized a corporate defendant's place of incorporation and principal place of business as "paradigm" forums where the exercise of general jurisdiction would be proper, but stated that the exercise of general jurisdiction would only be proper elsewhere "in an exceptional case." *Id*. at 761 n.19.

As a Chinese corporation, there is no basis for finding that Beijing Asiacom is subject to general jurisdiction in California, as shown by subsequent Ninth Circuit decisions that amplified the holding in *Daimler*.  In *Ranza*, the Ninth Circuit first observed that the existence of the parent-subsidiary relationship is insufficient to justify imputing one entity's contacts with a forum state to another for purpose of establishing personal jurisdiction. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015).  The Court then held that the contacts of the subsidiary could not be imputed to the parent under an agency test. *Id.* at 1071.  The court declined to exercise general jurisdiction over a Dutch subsidiary of Nike despite evidence that the subsidiary stationed 20-27 employees in Oregon, sent representatives to Oregon 47 time per month over a five-year period and sold products in Oregon stores. *Id.* at 1069-70 (district court properly concluded that Dutch subsidiary was not fairly considered "at home" in Oregon).  Likewise, in *Martinez*, the Ninth Circuit found evidence that the defendant had multi-million dollar contracts to sell products to a California corporation, sent representatives to California, permitted products to be used in California and advertised in California to be "plainly insufficient" to subject a nonresident defendant to general jurisdiction. *See* 764 F.3d at 1069-70. If the extensive contacts between the defendants and relevant forums in *Ranza* and *Martinez* were not enough to support general jurisdiction, then the scant contacts Plaintiff attributes to Beijing Asiacom cannot be sufficient to warrant the exercise of general jurisdiction.

### 2.   *Beijing Asiacom is not subject to specific jurisdiction.*

Plaintiff's Complaint also fails to establish that specific jurisdiction exists over Beijing Asiacom.  Specific jurisdiction exists when a case arises out of or relates to a defendant's contacts

with the forum and satisfies a three-part test: (1) the defendant either purposefully directs its activities or purposefully avails itself of the benefits afforded by the forum's laws, (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). The claim must arise out of contacts that defendant itself creates with the forum state. *Id.*

Here, there are no allegations that actually link Plaintiff's purported causes of action with a jurisdictional contact Beijing Asiacom created with California. Instead, Plaintiff merely alleges that Beijing Asiacom set up Asiacom US as a subsidiary incorporated in Virginia to execute its business in the United States. (Complaint, ¶¶ 7, 20.) Setting up a subsidiary is not an act giving rise to a conversion claim. Plaintiffs further allege that Beijing Asiacom acquired Camiwell Canada in May 2019. (*id.*, ¶ 21.) The acquisition of that company is not an act alleged to give rise to the conversion claim, and Plaintiff was not a shareholder in Camiwell Canada. (*Id.*, ¶ 15.) Moreover, Asiacom US and Camiwell Canada are not California corporations.

California courts demand much more than these vague and conclusory allegations to establish that Beijing Asiacom is subject to specific jurisdiction. *See Parnell Pharmaceuticals, Inc. v. Parnell, Inc.*, 2015 WL 5728396, at *4-5 (N.D. Cal. Sept. 30, 2015) (dismissing claims against a series of defendants based on vague, conclusory or, in some instances, non-existent allegations concerning jurisdiction); *DFSB Kollective Co., Ltd. v. Bing Yang*, 2012 WL 1835710, at *2 (N.D. Cal. May 21, 2012) ("conclusory allegations are insufficient to support this Court's exercise of general or specific personal jurisdiction over defendants").

The only specific factual allegations in the Complaint pertain to actions of defendants Yuan and Lin, who, as the majority shareholders of Camiwell US, allegedly diverted its assets. The Complaint does not allege specific acts by Beijing Asiacom in California.

**B.     The Complaint against Beijing Asiacom should be dismissed because of insufficient service of process.**

Beijing Asiacom has not been served with process. Beijing Asiacom has no registered agent in the United States. (Gu Decl., ¶ 5.) Plaintiff made no effort to properly serve Beijing

7     Case No. 5:23-cv-5818-CRB

Asiacom under the Hague Convention.

The Proof of Service confirms that, in fact, Beijing Asiacom was <u>not</u> served with process; instead, Plaintiff purported to serve Asiacom US with process. (Ex. 2 to Sommer Decl.)  Such service does not comply with California's service requirements.  Cal. Corp. Code § 416.10 (listing permissible persons to serve, but not including a domestic subsidiary as a proper person).

The Supreme Court has authorized service on a foreign corporation via a domestic subsidiary only where the forum state's statute authorizes service on domestic subsidiaries. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988).  However, where no such long-arm statute exists, service on a domestic subsidiary is ineffective.  *See, e.g.*, *Knapp v. Yamaha Motor Corp.*, 60 F.Supp.2d 566, 573 (S.D.W.V. 1999) (service on Japanese corporation's subsidiary ineffective because West Virginia does not have statute authorizing service on same); *Michigan Motor Tech. LLC v. Volkswagen Aktiengesellschaft*, 2020 WL 3893038 (E.D. Mich. July 10, 2020) (service on German corporation's subsidiary ineffective because Michigan does not have statute authorizing service on same).  California has no such statute.

**C.** **<u>The Complaint against Beijing Asiacom should be dismissed because it fails to state a claim and is also barred by the statute of limitations.</u>**

*1.     No claim for conversion against Beijing Asiacom is stated.*

The Court should dismiss the Complaint against Beijing Asiacom because it fails to state a claim upon which relief may be granted under Rule 12(b)(6).  Plaintiff pleads a sole cause of action for conversion against Beijing Asiacom, but fails to plead how it converted anything.  The tort of conversion has three elements: (a) plaintiff's ownership or right to possession of personal property, (b) defendants' disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages.  *Voris v. Lampert*, 7 Cal.5th 1141, 1150 (2019).  It is a strict liability tort.  *Id.*  Where there is a claim for conversion of money, "the law has been careful to distinguish proper claims for the conversion of money from other types of monetary claims more appropriately dealt with under other theories of recovery."  *Id.* at 1151.  Where the money or fund is not identified as a specific thing the action is to be considered as one upon contract or for debt—or perhaps some other appropriate theory—but not for conversion.  *Id.*

Here, Plaintiff does not allege that Beijing Asiacom disposed of Plaintiffs' property. Nor is there any identification of what the property is. Instead, Plaintiff makes typical allegations of breaches of fiduciary as part of his derivative complaint on behalf of Camiwell US against the majority shareholders, Yuan and Lin. (*See, e.g.*, Second Cause of Action for Breach of Fiduciary Duty against Yuan and Lin.) In this multidefendant case, Plaintiff has not pled any wrongful conduct by Beijing Asiacom. "Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (dismissing 87-page complaint that was "short on specifics though not on words").

As to Beijing Asiacom, the Complaint depends entirely on a one-sentence conclusion in Paragraph 32 that somehow Beijing Asiacom "misappropriated money or corporate opportunities," but the Complaint fails to allege an identifiable sum of money or property that Beijing Asiacom misappropriated to its own use. The Supreme Court decisions in *Iqbal* and *Twombly* rejected such conclusory pleadings and required that a plaintiff "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Conclusory statements do not "unlock the doors of discovery." *Id.* at 1950. Determining whether a complaint states a plausible claim requires the court "to draw on its judicial experience and common sense." *Id.* In considering a motion to dismiss, the court should first identify what well-pleaded factual allegations are in the complaint and next determine whether the well-pleaded facts (not legal conclusions) plausibly give rise to an entitlement to relief. *See id.* The Court should consider whether the factual allegations "are not merely consistent with the conclusion that the defendant violated the law, but . . . actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 557); *see also In re CMR Mortg. Fund, LLC*, 2009 WL 2870098, at *1 (Bankr. N.D. Cal. Sept. 4, 2009) ("When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'").

Plaintiff has not pled specific facts stating a plausible conversion claim. The Complaint fails

to allege any identifiable sum of money or specific property that Beijing Asiacom converted, pleads in conclusory terms, and should be dismissed as pled against Beijing Asiacom.

### 2. Any purported claim for conversion against Beijing Asiacom is barred by the statute of limitations.

A complaint may be dismissed under Rule 12(b)(6) where the running of the statute of limitations is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

The statute of limitations for conversion is three years and "is triggered by the act of wrongfully taking property." *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal.App.4th 631, 639 (2006). To the extent there is a "discovery rule" exception to toll the statute, such an exception has been recognized only when the defendant "fraudulently conceals the relevant facts" or "fails to disclosure such facts in violation of his or her fiduciary duty to the plaintiff." *Id.*

Here, there are no allegations that Beijing wrongfully took anything, as explained supra in reference to failing to state a claim. Even assuming that some claim could be conjured out of events that took place in 2018 to 2019, those events are well outside the limitations period which extends back to November 10, 2020 at most (three years before filing of this lawsuit). Moreover, as to any potential tolling, there is no allegation that Beijing Asiacom fraudulently concealed facts or failed to disclose facts in violation of a fiduciary duty to Plaintiff. Of course, Beijing Asiacom owed no fiduciary duty to Plaintiff, as he was never a shareholder, employee, officer or director of Beijing Asiacom and had no relationship with it at all.

Plaintiff alleges recent unauthorized withdrawals by Yuan and Lin from Camiwell US's bank account after the 998 offers were accepted in the state court action in September 2023, but such allegations are made against only Yuan and Lin. (See Complaint, ¶¶ 25-30, 33.)

## IV. CONCLUSION

For all the foregoing reasons, Beijing Asiacom respectfully requests that the Complaint against it be dismissed for (1) lack of personal jurisdiction, (2) insufficient service of process, and (3) failure to state a claim.

| | | |
|---|---|---|
| 1 | Dated: February 28, 2024 | LUBIN OLSON & NIEWIADOMSKI LLP |

By: /s/ Jonathan E. Sommer
Jonathan Sommer
Attorneys for Defendant
BEIJING ASIACOM INFORMATION TECHNOLOGY CO., LTD. erroneously sued as BEIJING ASIACOM TECHNOLOGY CO., LTD.