1  MICHAEL T. BEUSELINCK, SBN 251991
   MICHAEL BEUSELINCK P.C.
2  490 43rd Street #37
   Oakland, CA 94609
3  Telephone: (925) 800-3032
   mike@lawmtb.com
4

5  Attorney for Defendant
   ASIACOM AMERICAS, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 | JINJU ZHANG, an individual, | Case No. 5:23-cv-5818-CRB
13 | Plaintiff, |
14 | v. | **DECLARATION OF MICHAEL T. BEUSELINCK IN SUPPORT OF DEFENDANT ASIACOM AMERICAS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
15 | BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEIJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive, |
   |  | Time:  10:00 a.m.
   |  | Date:  April 5, 2024
   |  | Judge: Hon. Charles R. Breyer
   |  | Courtroom:  6—17th Floor
   | Defendants. |

I, Michael T. Beuselinck, declare,

1. I am an attorney at law and duly licensed to practice before all courts of the State of California. I am an attorney with the office of Michael Beuselinck P.C., attorneys of record for Asiacom Americas, Inc. ("Asiacom US"). I am the custodian of my client's files in this matter. I have personal knowledge of the following facts, and could testify competently to them.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint for Direct and Derivative Claims for: 1. Breach of Fiduciary Duty; 2. Unfair Competition; 3. Violation of Corporations Code §§ 1601 and 1062; and 4. Accounting that was filed by Plaintiff on July 20, 2020, in the Superior Court of the State of California for the County of Santa Clara, Case No. 20CV368535.

3. I declare under penalty of perjury under the laws of the State of California that the above facts are true and correct.

Dated: March 1, 2024                    /s/ Michael T. Beuselinck

# Exhibit 1

E-FILED
7/20/2020 2:38 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV368535
Reviewed By: L Del Mundo

ANDREW S. MACKAY, #197074
amackay@donahue.com
PADMINI CHERUVU, #301292
pcheruvu@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California  94612-3520

Telephone:    (510) 451-3300
Facsimile:    (510) 451-1527

Attorneys for Plaintiff
JINJU ZHANG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| JINJU ZHANG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BENLIN YUAN, an individual; HONG LIN, an individual; CAMIWELL INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 20CV368535<br><br>**COMPLAINT FOR DIRECT AND DERIVATIVE CLAIMS FOR:**<br><br>1. **Breach of Fiduciary Duty**<br>2. **Unfair Competition**<br>3. **Violation of Corporations Code §§ 1601 and 1602**<br>4. **Accounting**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff Jinju Zhang ("Zhang") states and alleged on behalf of himself and derivatively on behalf of Camiwell, Inc. as follows for his Complaint against Defendants Benlin Yuan, an individual ("Yuan"), Hong Lin, an individual ("Lin"), Camiwell Inc., a California corporation ("Camiwell, Inc."), and Does 1 to 10, inclusive (the "Does" and together with Yuan, Lin, and Camiwell, Inc., "Defendants"):

## THE PARTIES

1. Zhang is, and at all times relevant to this action has been, an individual residing and conducting business in Santa Clara County, California. Zhang currently owns at least 35% of the shares of Camiwell, Inc.

2. Zhang is informed and believes, and based thereon alleges, that Yuan is, and at all times relevant to this action has been, an individual residing in Mississauga, Canada and conducting business in Santa Clara County, California. Yuan currently owns at most 40% of the shares of Camiwell, Inc. and, together with his wife Lin, controls 65% of Camiwell, Inc.

3. Zhang is informed and believes, and based thereon alleges, that Lin is, and at all times relevant to this action has been, an individual residing in Mississauga, Canada and conducting business in Santa Clara County, California. Lin currently owns at most 25% of the shares of Camiwell, Inc. and, together with her husband Yuan, controls 65% of Camiwell, Inc.

4. Zhang is informed and believes, and based thereon alleges, that Camiwell, Inc. is, and at all times relevant to this action has been, a corporation organized and existing under the laws of California and conducting business in Santa Clara County, California, with its principal office located in Santa Clara, California.

5. The Does are sued herein under fictitious names, and their true names and capacities are unknown to Zhang. When the Does' true names and capacities are ascertained, Zhang will amend this complaint by inserting their true names and capacities herein.

6. Zhang is informed and believe, and based thereon alleges, that each of the Does is responsible in some manner for the occurrences herein alleged and that Zhang's damages as herein alleged were proximately caused by such Defendants.

7.  Zhang is informed and believes, and based thereon alleges, that at all material times each of the Defendants, or some of them, were the agent, servant, and/or employee of the other Defendants and, in doing the things hereinafter mentioned, was acting within the scope of that Defendant's authority as such an agent, servant, and/or employee and with the permission and consent of the other Defendants.

**JURISDICTION AND VENUE**

8.  This Court has jurisdiction over all causes of action asserted in this Complaint pursuant to the California Constitution, Article VI.

9.  This Court has exclusive jurisdiction over the claims asserted and each of the Defendants because each is an individual or corporation that is either based in, authorized or registered to conduct, or in fact do conduct, substantial business in the State of California. Each of the Defendants has sufficient minimum contacts with California, or otherwise intentionally avails themselves of the markets within California, through collecting monies, entering into contracts and/or delivering services in California thereby rendering the exercise of jurisdiction by the California courts.

10. Venue is proper in the Santa Clara County because Camiwell Inc.'s principal place of business is in Santa Clara County and Yuan and Lin do business through Camiwell, Inc. in Santa Clara County. Most if not all of the material events in this matter relate to Defendants' actions which occurred substantially in Santa Clara County.

11. The amount in controversy exceeds the jurisdictional minimum of this Court.

**BACKGROUND**

12. Camiwell, Inc., formerly Camiwell, LLC, is an information technology company based in Santa Clara, California and operated by Zhang and his wife. The officers are Zhang, Yuan, and Hui Sun ("Sun"). The directors and shareholders are Zhang, Yuan, and Lin. Yuan is a 40% shareholder, Zhang is a 35% shareholder, and Lin is a 25% shareholder. Lin and Yuan are married and therefore control 65% of Camiwell, Inc. together.

13. On or about September 16, 2014, Yuan organized Camiwell, LLC as a Delaware limited liability company. On September 19, 2014, Camiwell, LLC was also registered as a

foreign limited liability company doing business in California. Camiwell, LLC was later converted to a corporation in California on June 8, 2018.

14. Camiwell, Inc. has also been registered to engage in business as a corporation in Virginia.

15. Camiwell Inc. has a related entity, Camiwell Inc., that is located in Mississauga, Ontario, Canada ("Camiwell Canada"). Camiwell Canada was incorporated by Yuan in Ontario in December 2013. Camiwell Canada is owned exclusively by Yuan and Lin.

16. Camiwell, Inc. and Camiwell Canada are related as they perform the same business services, share the same website, have substantially the same customers, and share the same ownership (other than Zhang, who is only a shareholder of Camiwell, Inc.). Additionally, Plaintiff believes that Camiwell, Inc. and Camiwell Canada utilize the same or substantially similar employees.

17. Until the end of 2018, Camiwell Inc.'s main customer was Beijing Asiacom Technology Co. Ltd. ("Asiacom"), which is a contractor for large Chinese technology companies. Asiacom would subcontract their IT work to Camiwell, Inc., amounting to about 95% of Camiwell Inc.'s business. Zhang believes that Yuan and/or his brother hold an ownership interest in Asiacom.

18. Beginning in 2018, Yuan began negotiating with Asiacom regarding Asiacom's acquisition of Camiwell, Inc. Zhang did not become aware of this until around April or May 2018. Zhang and Yuan were ultimately unable to agree to the terms of the acquisition and the acquisition fell through towards the end of 2018. After the acquisition fell through, Beijing Asiacom entered the Canadian and US markets by merging with Camiwell Canada and creating and operating Asiacom Americas Inc. in the United States ("Asiacom US"). Zhang believes that Yuan and/or his brother have an equity interest in Asiacom US.

19. Around the same time that Asiacom US entered the Canadian and US markets, Yuan began pushing Zhang to dissolve Camiwell, Inc. Zhang was suspicious of the dissolution because he believed Yuan and Lin may be attempting to cut Zhang out of Camiwell, Inc. and transfer all of Camiwell, Inc.'s assets and business to Asiacom US, a company in which Zhang

does not own an interest as outlined below, thereby depriving Zhang of money to which he would be entitled as a shareholder.

20.     Zhang believes that, since the acquisition with Asiacom fell through, Yuan and Lin have been transferring Camiwell Inc.'s assets, including but not limited to, money, employees, the lease for Camiwell Inc.'s office, and equipment, to Asiacom or Asiacom US, either directly or through Camiwell Canada, for little or no consideration, and without Board of Director approval. For example, on July 31, 2018, Yuan transferred $92,000 from Camiwell, Inc. to Camiwell Canada without any justification or explanation for the transfer. When Zhang asked about the transfer, Yuan stated that it was for expenses, but did not provide a list of specific expenses or proof of those expenses. Additionally, in January 2019, Camiwell, Inc.'s employees were transferred to Asiacom or Asiacom US. On or about May 15, 2019, Yuan attempted to transfer monies from the Camiwell, Inc. bank account to a third-party Hong Kong account without permission or business purpose, and in July 2019, Camiwell Inc.'s lease for office space was transferred to Asiacom or Asiacom US. As a result, at the end of 2018, Asiacom/Asiacom US informed Zhang that it would no longer need Camiwell, Inc.'s services, effectively forcing Camiwell, Inc. out of business.

21.     In 2017, 2018, and 2019, Yuan provided financial information to the accountant to file the company's tax returns. The numbers listed in the tax returns appear to be fraudulent and Zhang never received financial documentation to support those numbers. For example, in 2018, there are subcontractor costs of $300,000 USD to Canada on the Camiwell, Inc. balance sheet without any back up information ever provided to Zhang. In 2019, Camiwell, Inc. was essentially not conducting any business related activities, but reported revenue increased while expenses remained similar to 2018.

22.     Due to Yuan's request to dissolve Camiwell, Inc. and Zhang's belief that Yuan and Lin were transferring assets to Asiacom or Asiacom US, Zhang requested that Defendants produce certain corporate documents for Zhang's review so that he could confirm the accuracy of the financial information that Yuan was providing to Zhang. Defendants refused to produce the requested documents.

23. In December 2018, Zhang hired an attorney, Stephen Lou of Lou Lawyers, to help advise them about the possible dissolution of Camiwell, Inc. Mr. Lou sent multiple demand letters to Defendants requesting that Defendants produce documents that Zhang, as a director and shareholder, had a right to review. Defendants refused to produce the requested documents.

24. On February 26, 2020, after multiple requests for documents over more than one year, Defendants produced certain documents. On March 23, 2020, Zhang's attorney sent a letter to Defendants' attorney outlining the documents that were missing from the February 26, 2020 production. On March 27, 2020, Defendants' attorneys sent a letter refusing to produce additional documents as Defendants believed the requested documents were beyond the scope of information that a shareholder is entitled to inspect under California Corporations Code section 213, 1501, 1600, and 1603. To date, Defendants have failed to produce all of the documents requested by Zhang to which he is entitled to inspect based on his rights as a director and shareholder of Camiwell, Inc.

25. Due to Defendants' refusal to allow Zhang to review Camiwell, Inc.'s books and records, Zhang cannot determine (1) the assets transferred from Camiwell, Inc. to Camiwell Canada, Asiacom, or Asiacom US; (2) the accuracy of the financial information that has been provided to them by Defendants; and (3) any outstanding money owed to and withheld from Zhang.

26. Besides his formal demands to view Camiwell, Inc.'s books and records, Zhang has not made any formal demands on Camiwell, Inc.'s Board of Directors to investigate and prosecute the wrongdoings alleged herein because making a demand would be futile. The Board of Directors consists of three people, with two being defendants and the third being Zhang. Moreover, Yuan and Lin own 65% of the shares of stock in the Camiwell, Inc. with the other 35% owned by Zhang.

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

### Derivative Claim for Breach of Fiduciary Duty

### (Against Defendants Yuan, Lin, and Does 1 through 10)

27. Zhang restates and incorporates herein by this reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

28. Yuan, as an owner, officer, director, and shareholder of Camiwell, Inc., Lin, as a director and a shareholder of Camiwell, Inc., and Yuan and Lin as majority shareholders of Camiwell, Inc., owe fiduciary duties to Camiwell, Inc. and its shareholders, including Zhang.

29. Zhang is informed and believes, and based thereon alleges that Yuan and Lin breached their fiduciary duties to Camiwell, Inc. and its shareholders, including Zhang, through the actions alleged above, which include, but are not limited to, transferring Camiwell, Inc. assets and business to Asiacom US, a company in which Zhang does not own an interest, while attempting to dissolve Camiwell, Inc., thereby harming Camiwell, Inc. and depriving Zhang of money to which he would be entitled as a shareholder.

30. As a direct and proximate result of the breach of fiduciary duty committed by Yuan and Lin, Camiwell has been damaged in an amount to be proven at trial.

31. The aforementioned conduct was undertaken by Yuan and Lin with the intent to deprive Camiwell, Inc. of its legal rights or property or to otherwise cause injury. Yuan and Lin's acts constitute oppressive and malicious conduct, thereby justifying an award of exemplary and punitive damages in an amount to be determined at trial.

WHEREFORE, Zhang prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Derivative Claim for Unfair Competition

### (Against Defendants Yuan, Lin, and Does 1 through 10)

32. Zhang restates and incorporates herein by this reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

///

///

33. California Business and Professions Code, section 17200 explains that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

34. Zhang is informed and believes, and based thereon alleges, after Asiacom's acquisition of Camiwell, Inc. fell through, Yuan and Lin began engaging in intentional acts in order to effectively put Camiwell, Inc. out of business to the detriment of Camiwell, Inc. and its shareholders, including Zhang. Such acts include, but are not limited to (1) transferring Camiwell, Inc.'s assets and work to Asiacom or Asiacom US, either directly or through Camiwell Canada; and (2) attempting to dissolve Camiwell, Inc.

35. Yuan's and Lin's actions are unlawful, unfair, and fraudulent, and thus amount to a violation of Business and Professions Code Section 17200.

36. As a direct and proximate result of Yuan's and Lin's conduct, Yuan and Lin have been unjustly enriched at the expense of Camiwell, Inc. and its shareholders.

WHEREFORE, Zhang prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**Direct Claim for Violation of Corporations Code §§ 1601 and 1602**

**(Against Camiwell, Inc. and Does 1 through 10)**

37. Zhang restates and incorporates herein by this reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

38. California Corporations Code section 1601 allows a shareholder, upon written demand on the corporation, to inspect the accounting books and records of the corporation, and the minutes of proceedings of the shareholders and the board and committees of the boards of the corporation in which he or she is a shareholder.

39. California Corporations Code section 1603 provides directors with the "the absolute right at any reasonable time to inspect and copy all books, records and documents of every kind and to inspect the physical properties of the corporation of which such person is a director and also of its subsidiary corporations, domestic or foreign."

///

40.     Zhang has made repeated written demands on Camiwell, Inc. to make available for inspections all of its books, records, and documents to that which he is entitled to inspect as a shareholder and director of Camiwell, Inc.

41.     Such documents related to (1) the assets transferred from Camiwell, Inc. to Asiacom or Asiacom US; (2) the accuracy of the financial information that has been provided to them; and (3) any outstanding money, including any shareholder distributions, owed to and withheld from Zhang.

42.     Despite the reasonable request for information, Camiwell, Inc. has refused to produce all of the requested documents to which Zhang is entitled to inspect, instead stating that some of the documents are outside the scope of information that Zhang is entitled to inspect under California Corporations Code section 213, 1501, 1600, and 1603.

43.     Zhang is informed and believes that, unless enjoined by order of the Court, Camiwell, Inc. will continue to withhold material documents and information from Zhang. No adequate remedy exists at law for the injuries alleged herein, and Zhang will suffer great and irreparable injury if the wrongful conduct is not immediately enjoined and restrained.

44.     Pursuant to California Corporations Code section 1603(a), Zhang is entitled to an order from the Court requiring Camiwell, Inc. to produce its books and records for inspection by Zhang.

45.     Zhang is entitled to an award of costs and reasonable attorneys' fees under California Corporations Code section 1604.

WHEREFORE, Zhang prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**Direct Claim for Accounting**

**(Against Camiwell, Inc. and Does 1 through 10)**

46.     Zhang restates and incorporates herein by this reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

47.     Zhang is a current shareholder of Camiwell, Inc., and as such, is entitled to shareholder distributions from Camiwell, Inc.

48. Zhang is a current director of Camiwell, Inc. and, as such, is entitled for documents confirming the accuracy of the financial information provided to him by Defendants.

49. Camiwell, Inc. and Yuan and Lin, individually as owners, directors, officers, and/or shareholders of Camiwell, Inc., owe fiduciary duties of care towards Camiwell, Inc.'s shareholders, including Zhang.

50. Yuan and Lin have transferred assets, including money, to Camiwell Canada, Asiacom, and/or Asiacom US without Zhang's consent and without any justification, with the intention of putting Camiwell, Inc. out of business.

51. The amount of money due from Camiwell, Inc. to Zhang or withheld by Camiwell, Inc. is unknown to Zhang and cannot be ascertained without an accounting of Camiwell, Inc.'s receipts and disbursements of the aforementioned operations.

52. Zhang has made repeated demands that Camiwell, Inc. account for the aforementioned transfers and pay any amount found due to Zhang, but Camiwell, Inc. has failed and refused, and continues to fail and refuse, to render the accounting and pay Zhang.

WHEREFORE, Zhang prays for judgment as hereinafter set forth.

## **PRAYER**

Now, therefore, Zhang prays for relief as follows:

On the First Cause of Action

1. For compensatory damages in an amount to be proven at trial;
2. For exemplary and punitive damages;
3. For reasonable attorneys' fees and costs to the extent permissible under applicable law; and
4. For such other and further relief as this court may deem just and proper.

On the Second Cause of Action

1. For a temporary restraining order, a preliminary injunction, and a permanent injunction, requiring that Yuan and Lin, their successors, agents, representatives, employees, and all persons, corporations and other entities acting by, through, under, or on behalf of Yuan and Lin, or acting in concert or participation with them, be permanently enjoined from directly or

indirectly committing any violations of Business and Professions Code Section 17200 *et seq.*, including but not limited to, the violations alleged in this Complaint;

    2.    For compensatory damages in an amount to be proven at trial;

    3.    For costs of suit incurred herein.

    4.    For such other and further relief as this Court may deem just and proper

<u>On the Third Cause of Action</u>

    1.    For an order compelling Camiwell, Inc. to produce for inspection all books, records, and documents authorized by California Corporations Code sections 1601 and 1602;

    2.    For Zhang's attorneys' fees pursuant to Corporations Code section 1604;

    3.    For Zhang's costs of suit incurred herein pursuant to Corporations Code section 1604; and

    4.    For such other and further relief as this court may deem just and proper.

<u>On the Fourth Cause of Action</u>

    1.    For an accounting between Camiwell, Inc. and Zhang;

    2.    For payment over to Zhang of the amount due from Camiwell, Inc. as a result of the account;

    3.    For Zhang's attorneys' fees;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as this court may deem just and proper.

Dated: July 20, 2020                DONAHUE FITZGERALD LLP

By: _____
    Andrew S. MacKay
    Padmini Cheruvu
    Attorneys for Plaintiff JINJU ZHANG

## DEMAND FOR JURY TRIAL

Plaintiff Jinju Zhang demands a jury trial on all issues triable by right of jury.

Dated: July 20, 2020                                    DONAHUE FITZGERALD LLP

By: *[signature]*
    Andrew S. MacKay
    Padmini Cheruvu
    Attorneys for Plaintiff JINJU ZHANG