UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUNJI ZHANG,

          Plaintiff,

    v.

BELIN YUAN, et al.,

          Defendants.

Case No.  23-cv-05818-VC

**ORDER REGARDING MOTIONS TO DISMISS COMPLAINT AND MOTION TO DISMISS COUNTERCLAIM**

Re: Dkt. Nos. 19, 21, 23, 43

       Yuan and Lin's motion to dismiss is partially granted—the claims against these defendants can move forward, but only to the extent that they are based on the alleged 2023 withdrawals. The Asiacom companies' motions to dismiss are granted with leave to amend. Zhang's motion to dismiss Yuan's counterclaim is also granted with leave to amend. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

       1. Zhang vaguely alleges that Yuan and Lin diverted Camiwell US's business in 2018 and 2019. The claims against Yuan and Lin based on these allegations are barred because of claim preclusion. In an earlier lawsuit, Zhang already alleged that Yuan and Lin had been trying to drive Camiwell US out of business by siphoning its assets and business in 2018 and 2019. That is the same misconduct and injury alleged here. Because judgment was entered in the first lawsuit, Zhang is now barred from reasserting the same cause of action in this one. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797–98 (2010). The fact that Zhang's new complaint provides additional factual context for the same claim does not defeat claim preclusion. *See*

*Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 699 (2018).

      2. Zhang also alleges that Yuan and Lin continued to misappropriate Camiwell US's assets in 2023, even after judgment was entered in the state-court litigation. The claims against Yuan and Lin based on these allegations can move forward. There was some confusion in the papers about whether the judgment in the state-court action meant that Zhang was no longer a Camiwell US shareholder, thereby preventing him from bringing a derivative claim on the company's behalf. But at the hearing, counsel for Yuan and Lin conceded that Zhang remains a shareholder, which resolves the standing concern.

      3. The claims against the Asiacom companies are dismissed for a host of reasons. There is no personal jurisdiction over Beijing Asiacom, at least on this record. There is no general jurisdiction, because Zhang hasn't shown that the Asiacom companies should be treated as alter egos. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070–75 (9th Cir. 2015).[1] There is no specific jurisdiction either. Zhang hasn't alleged any meaningful connection between Beijing Asiacom and California—the fact that Camiwell US happens to be a California corporation is not enough. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015). Nor has Zhang established the sort of agency relationship that would make Yuan's suit-related contacts with California attributable to Beijing Asiacom. *See Diaz v. One Technologies, LLC*, No. 22-55190, 2023 WL 6633842, at *1 (9th Cir. Oct. 12, 2023).

      In any event, Zhang hasn't adequately stated a claim for relief against the Asiacom companies. His only claims are for conversion, based on the alleged diversion of business in 2018 and 2019. But these claims are time barred. Zhang alleges that the conversion happened in 2018 and 2019. And the complaint makes clear that Zhang discovered the relevant facts—the transfer of Camiwell US's business to the Asiacom companies—by July 2020 at the latest, when he filed his state-court action. But Zhang did not file this case until November 2023. So under

---

[1] For similar reasons, Zhang has not shown why it was appropriate to serve Beijing Asiacom through its domestic subsidiary. *See United States ex rel. Miller v. Public Warehousing Co. KSC*, 636 F. App'x 947, 949 (9th Cir. 2016).

the three-year limitations period for conversion claims, his lawsuit is untimely. *See AmerUS Life Insurance Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006). Timeliness aside, Zhang's theory of conversion does not work. There is no reason to think that Camiwell US had a vested ownership interest in any of the business opportunities it allegedly lost. *See Lee v. Luxottica Retail North America, Inc.*, 65 Cal. App. 5th 793, 803 (2021). So the conversion tort does not apply. *See Voris v. Lampert*, 7 Cal. 5th 1141, 1150–51 (2019). Indeed, it's hard to see how the Asiacom companies could ever be liable simply for not doing business with Camiwell US. *See Lee*, 65 Cal. App. 5th at 803. But, in an abundance of caution, dismissal is with leave to amend.

4. Yuan's counterclaim is dismissed for lack of standing. Yuan alleges that Zhang possesses $50,000 that belongs to Camiwell US. But if that money belongs to Camiwell US, then Yuan needed to bring a derivative claim to recover it on the company's behalf. *Meland v. Weber*, 2 F.4th 838, 847–48 (9th Cir. 2021); *Schrage v. Schrage*, 69 Cal. App. 5th 126, 149–50 (2021). Yuan did not do that; he is instead demanding that Zhang turn over the money to him directly. Yuan will have leave to fix this pleading error.

\* \* \*

Any amended pleading is due within 14 days of this order. If an amended pleading is filed, any response is due within 14 days after the amended pleading is filed. Discovery can move forward immediately on the claims against Yuan and Lin regarding the alleged misappropriations following entry of the state-court judgment.

**IT IS SO ORDERED.**

Dated: May 15, 2024

VINCE CHHABRIA
United States District Judge

3