James Cai (SBN 200189)
jcai@sacattorneys.com
Brian A. Barnhorst (SBN 130292)
bbarnhorst@sacattorneys.com
Dennis Chin (SBN 236466)
dchin@sacattorneys.com
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789

Attorneys for Plaintiff and Counter-Defendant
Jinju Zhang

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual;<br><br>　　　　　Plaintiff,<br>vs.<br><br>BENLIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM INFORMATION TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-05818-CRB<br><br>**COUNTER-CLAIM DEFENDANT JINJU ZHANG'S NOTICE OF MOTION AND MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERLCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)**<br><br>Date:<br>Time:<br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4 – 17th Floor |
| AND RELATED CROSS-ACTIONS | |

## NOTICE OF MOTION AND MOTION

　　PLEASE TAKE NOTICE THAT on _____, 2024 at _____, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San

COUNTER-CLAIM DEFENDANT JINJU ZHANG'S NOTICE OF MOTION AND MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)

1

Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 4 on the 17th Floor before the Honorable Vince Chhabria, Counter-Claim Defendant Jinju Zhang ("Zhang") will move to dismiss the Amended Shareholder Derivative Counterclaim for Turnover by Counter-Claimant Benlin Yuan ("Yuan") for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6).

This Motion is made on the grounds that Yuan's Amended Shareholder Derivative Counterclaim for Turnover fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6) and is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the supporting declaration of Dennis Chin filed herewith, the Request for Judicial Notice, any opposition and reply briefs, the oral arguments of the parties and evidence presented at the hearing of the motion, and the complete files and recorded for this action.

**STATEMENT OF RELIEF REQUESTED**

Zhang moves to dismiss Yuan's Amended Shareholder Derivative Counterclaim For Turnover for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6) because Yuan failed to comply with the pleading requirements for a complaint in a derivative action as set forth in Federal Rules of Civil Procedure Rule 23.1.  Yuan failed to verify the Amended Shareholder Derivative Counterclaim for Turnover.  Yuan also failed to allege that his Amended Shareholder Derivative Counterclaim is not a collusive one to confer jurisdiction that the court would otherwise lack, and he failed to state with particularity any effort that he obtained the desired action from the directors and shareholders of Camiwell, Inc. and the reasons for not obtaining the action or not making the effort.  Additionally, Yuan defied the Court order to fix the pleading error and continued to demand that Zhang turn over the money to him directly.  Accordingly, the Court should dismiss Yuan's Amended Shareholder Derivative Counterclaim for Turnover.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On May 15, 2024, the Court dismissed Yuan's Counterclaim for Turnover against Zhang for lack of standing.  Yuan alleged that Zhang possessed $50,000 that belongs to Camiwell US. The Court stated that "if that money belongs to Camiwell US, then Yuan needed to bring a derivative claim to

COUNTER-CLAIM DEFENDANT JINJU ZHANG'S NOTICE OF MOTION AND MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)

2

recover it on the company's behalf. . . . Yuan did not do that; he is instead demanding that Zhang turn over the money to him directly. Yuan will have leave to fix this pleading error."

On May 24, 2024 in response to the Court's order, Yuan filed an Amended Shareholder Derivative Counterclaim for Turnover against Zhang. However, Yuan's Amended Shareholder Derivative Counterclaim fails to state a claim upon which relief can be granted because Yuan failed to comply with the pleading requirements as set forth in Federal Rules of Civil Procedure Rule 23.1 for Derivative Actions. Specifically, Yuan failed to verify the Amended Shareholder Derivative Counterclaim, allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack, and state with particularity any effort by him to obtain the desired action from the directors or comparable authority, and, if necessary, from the shareholders or members; and the reasons for not obtaining the action or not making the effort.

Additionally, Yuan defied the Court order and continued to plead that he should be entitled to the $50,000 recovery by claiming in his prayer for relief, that "Zhang be ordered to turnover to Yuan the $50,000 recovery that he obtained for Camiwell, Inc. in the State Court Case." Yuan is not the real party in interest in recovering money for Camiwell.

Therefore, the Court must dismiss Yuan's Amended Shareholder Derivative Counterclaim for failure to state a claim under 12(b)(6).

## II. PROCEDURAL HISTORY

On May 15, 2024, the Court dismissed Yuan's Counterclaim for Turnover against Zhang for lack of standing. Yuan alleged that Zhang possessed $50,000 that belongs to Camiwell US. The Court stated that "if that money belongs to Camiwell US, then Yuan needed to bring a derivative claim to recover it on the company's behalf. . . . Yuan did not do that; he is instead demanding that Zhang turn over the money to him directly. Yuan will have leave to fix this pleading error." *See Request for Judicial Notice, **Exhibit A**, a true and correct copy of the Order Regarding Motions to Dismiss Complaint and Motion to Dismiss Counterclaim filed on May 15, 2024. See also Declaration of Dennis Chin in support of Counterclaim Defendant Jinju Zhang's Motion to Dismiss Benlin Yuan's Amended Shareholder Derivative Counterclaim for Turnover under FRCP Rule 12(b)(6).*

COUNTER-CLAIM DEFENDANT JINJU ZHANG'S NOTICE OF MOTION AND MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)

3

On May 24, 2024 in response to the Court's order, Yuan filed an Amended Shareholder Derivative Counterclaim for Turnover against Zhang. *See Request for Judicial Notice,* **Exhibit B***, a true and correct copy of Yuan's Amended Shareholder Derivative Counterclaim for Turnover. See also Declaration of Dennis Chin in support of Counterclaim Defendant Jinju Zhang's Motion to Dismiss Benlin Yuan's Amended Shareholder Derivative Counterclaim for Turnover under FRCP Rule 12(b)(6).* In Yuan's Amended Shareholder Derivative Counterclaim, Yuan plead that he should be entitled to the $50,000 recovery by claiming in his prayer for relief, that "Zhang be ordered to turnover to Yuan the $50,000 recovery that he obtained for Camiwell, Inc. in the State Court Case." *See RJN, Exhibit B. at 4, lines 9 – 13.*

## III.   ARGUMENT

Federal Rules of Civil Procedure Rule 12(b)(6) state that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: failure to state a claim upon which relief can be granted." *See FRCP Rule 12(b)(6).*

In derivative actions, Federal Rules of Civil Procedure Rule 23.1(b)(2) and (b)(3) provide that "the complaint must be verified and must allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and state with particularity any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and the reasons for not obtaining the action or not making the effort. *See FRCP Rule 23.1(b)(2) and (b)(3).*

Here, Yuan failed to verify the Amended Shareholder Derivative Counterclaim for Turnover as there was no verification attached to his pleading. Yuan also failed to allege that his Amended Shareholder Derivative Counterclaim is not a collusive one to confer jurisdiction that the court would otherwise lack, and he failed to state with particularity any effort that he obtained the desired action from the directors and shareholders of Camiwell, Inc. and the reasons for not obtaining the action or not making the effort.

Additionally, Yuan defied the Court order and continued to plead that he should be entitled to the $50,000 recovery by claiming in his prayer for relief, that "Zhang be ordered to turnover to Yuan

COUNTER-CLAIM DEFENDANT JINJU ZHANG'S NOTICE OF MOTION AND MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)

4

the $50,000 recovery that he obtained for Camiwell, Inc. in the State Court Case." Yuan is not the real party in interest in recovering money for Camiwell.

Therefore, the Court must dismiss Yuan's Amended Shareholder Derivative Counterclaim for failure to state a claim under 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Counter-Claim Defendant Jinju Zhang respectfully requests that the Court dismiss Yuan's Amended Shareholder Derivative Counterclaim for Turnover for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6).

Dated: June 6, 2024

Respectfully Submitted,

_____
James Cai, Esq.
Brian A. Barnhorst, Esq.
Dennis Chin, Esq.
Attorneys for Plaintiff and Counter-Claim Defendant, Jinju Zhang