James Cai (SBN 200189)
jcai@sacattorneys.com
Brian A. Barnhorst (SBN 130292)
bbarnhorst@sacattorneys.com
Dennis Chin (SBN 236466)
dchin@sacattorneys.com
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Attorneys for Plaintiff and Counter-Defendant
Jinju Zhang

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual;<br><br>Plaintiff,<br>vs.<br><br>BENLIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM INFORMATION TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 3:23-cv-05818-CRB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTER-CLAIM DEFENDANT JINJU ZHANG'S MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER UNDER FRCP RULE 12(B)(6)**<br><br>Date:<br>Time:<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4 – 17th Floor |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS BENLIN YUAN'S AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER

1

*Zhang v. Yuan, et al.*; 3:23-cv-05818-CRB

**COMES NOW** Counter-Claim Defendant JINJU ZHANG ("Zhang"), requesting that the Court take judicial notice of the following documents and the contents thereof:

1. Order Regarding Motions to Dismiss Complaint and Motion to Dismiss Counterclaim, attached hereto as Exhibit A., Evid. Code §452(d).
2. Benlin Yuan's Amended Shareholder Derivative Counterclaim for Turnover, attached hereto as Exhibit B., Evid. Code §452(d).

**WHEREFORE**, Plaintiff requests that the court to take judicial notice of the foregoing documents and the contents thereof and for such other and further relief as is appropriate..

Date:  June 6, 2024　　　　　　　　　　　SAC ATTORNEYS LLP

　　　　　　　　　　　　　　　　　　　　/s/ Dennis Chin
　　　　　　　　　　　　　　　　　　　　James Cai, Esq
　　　　　　　　　　　　　　　　　　　　Brian A. Barnhorst, Esq.
　　　　　　　　　　　　　　　　　　　　Dennis Chin, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Counter-Claim
　　　　　　　　　　　　　　　　　　　　Defendant Jinju Zhang

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNJI ZHANG,<br><br>        Plaintiff,<br><br>      v.<br><br>BELIN YUAN, et al.,<br><br>        Defendants. | Case No. 23-cv-05818-VC<br><br>**ORDER REGARDING MOTIONS TO DISMISS COMPLAINT AND MOTION TO DISMISS COUNTERCLAIM**<br><br>Re: Dkt. Nos. 19, 21, 23, 43 |

    Yuan and Lin's motion to dismiss is partially granted—the claims against these defendants can move forward, but only to the extent that they are based on the alleged 2023 withdrawals. The Asiacom companies' motions to dismiss are granted with leave to amend. Zhang's motion to dismiss Yuan's counterclaim is also granted with leave to amend. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

    1. Zhang vaguely alleges that Yuan and Lin diverted Camiwell US's business in 2018 and 2019. The claims against Yuan and Lin based on these allegations are barred because of claim preclusion. In an earlier lawsuit, Zhang already alleged that Yuan and Lin had been trying to drive Camiwell US out of business by siphoning its assets and business in 2018 and 2019. That is the same misconduct and injury alleged here. Because judgment was entered in the first lawsuit, Zhang is now barred from reasserting the same cause of action in this one. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797–98 (2010). The fact that Zhang's new complaint provides additional factual context for the same claim does not defeat claim preclusion. *See*

*Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 699 (2018).

2. Zhang also alleges that Yuan and Lin continued to misappropriate Camiwell US's assets in 2023, even after judgment was entered in the state-court litigation. The claims against Yuan and Lin based on these allegations can move forward. There was some confusion in the papers about whether the judgment in the state-court action meant that Zhang was no longer a Camiwell US shareholder, thereby preventing him from bringing a derivative claim on the company's behalf. But at the hearing, counsel for Yuan and Lin conceded that Zhang remains a shareholder, which resolves the standing concern.

3. The claims against the Asiacom companies are dismissed for a host of reasons. There is no personal jurisdiction over Beijing Asiacom, at least on this record. There is no general jurisdiction, because Zhang hasn't shown that the Asiacom companies should be treated as alter egos. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070–75 (9th Cir. 2015).[1] There is no specific jurisdiction either. Zhang hasn't alleged any meaningful connection between Beijing Asiacom and California—the fact that Camiwell US happens to be a California corporation is not enough. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015). Nor has Zhang established the sort of agency relationship that would make Yuan's suit-related contacts with California attributable to Beijing Asiacom. *See Diaz v. One Technologies, LLC*, No. 22-55190, 2023 WL 6633842, at *1 (9th Cir. Oct. 12, 2023).

In any event, Zhang hasn't adequately stated a claim for relief against the Asiacom companies. His only claims are for conversion, based on the alleged diversion of business in 2018 and 2019. But these claims are time barred. Zhang alleges that the conversion happened in 2018 and 2019. And the complaint makes clear that Zhang discovered the relevant facts—the transfer of Camiwell US's business to the Asiacom companies—by July 2020 at the latest, when he filed his state-court action. But Zhang did not file this case until November 2023. So under

---

[1] For similar reasons, Zhang has not shown why it was appropriate to serve Beijing Asiacom through its domestic subsidiary. *See United States ex rel. Miller v. Public Warehousing Co. KSC*, 636 F. App'x 947, 949 (9th Cir. 2016).

2

the three-year limitations period for conversion claims, his lawsuit is untimely. *See AmerUS Life Insurance Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006). Timeliness aside, Zhang's theory of conversion does not work. There is no reason to think that Camiwell US had a vested ownership interest in any of the business opportunities it allegedly lost. *See Lee v. Luxottica Retail North America, Inc.*, 65 Cal. App. 5th 793, 803 (2021). So the conversion tort does not apply. *See Voris v. Lampert*, 7 Cal. 5th 1141, 1150–51 (2019). Indeed, it's hard to see how the Asiacom companies could ever be liable simply for not doing business with Camiwell US. *See Lee*, 65 Cal. App. 5th at 803. But, in an abundance of caution, dismissal is with leave to amend.

      4. Yuan's counterclaim is dismissed for lack of standing. Yuan alleges that Zhang possesses $50,000 that belongs to Camiwell US. But if that money belongs to Camiwell US, then Yuan needed to bring a derivative claim to recover it on the company's behalf. *Meland v. Weber*, 2 F.4th 838, 847–48 (9th Cir. 2021); *Schrage v. Schrage*, 69 Cal. App. 5th 126, 149–50 (2021). Yuan did not do that; he is instead demanding that Zhang turn over the money to him directly. Yuan will have leave to fix this pleading error.

\* \* \*

Any amended pleading is due within 14 days of this order. If an amended pleading is filed, any response is due within 14 days after the amended pleading is filed. Discovery can move forward immediately on the claims against Yuan and Lin regarding the alleged misappropriations following entry of the state-court judgment.

**IT IS SO ORDERED.**

Dated: May 15, 2024

VINCE CHHABRIA
United States District Judge

3

EXHIBIT B

```
 1  CORPORATE COUNSEL LAW GROUP, LLP
    JOHN CHU (SBN 104302)
 2  25 Kearny Street, Suite 302
    San Francisco, CA 94108-5515
 3  Telephone 415-989-5300
    Fax 415-788-4315
 4  Email: jchu149@yahoo.com

 5  BING ZHANG RYAN (#228641)
    ZHANG LAW GROUP
 6  2950 Buskirk Ave., Suite 300
    Walnut Creek, CA 94597
 7  Cell: 925-257-3097
    Email: bzhanglaw@gmail.com
 8
    Attorneys For Defendant
 9  and Counter-claimant
    Benlin Yuan
10
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA--SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual; | No. 3:23-CV-5818-VC |
| Plaintiff, | |
| v. | AMENDED SHAREHOLDER DERIVATIVE COUNTERCLAIM FOR TURNOVER |
| BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive, | |
| Defendants. | |
| BENLIN YUAN, | |
| Counter-claimant, | |
| v. | |
| JINJU ZHANG, | |

1

Counter-claim defendant.  )
                          )

Counter-claimant Benlin Yuan alleges as follows:

1. Plaintiff and Counter-claim Defendant JINJU ZHANG is an individual residing in Ferndale, Washington.

2. Defendant and Counter-claimant BELIN YUAN ("Yuan") is an individual residing in Mississauga, Ontario, Canada.

3. Defendant Camiwell, Inc. ("Camiwell) is a California corporation previously conducting business in Santa Clara County, California.

4. At all times relevant, Yuan was the 40% shareholder of Camiwell with his wife Hong Lin and Zhang owning the remaining 60%.

5. Yuan brings this claim for relief for the benefit of Camiwell for an order compelling Zhang to turnover to Camiwell the $50,000 derivative recovery described below that he obtained for the Camiwell as set forth below.

6. In or around 2019, Camiwell ceased conducting business, has conducted no business since then, and has no plans or ability to conduct any business in the future.

7. In or around 2020, Yuan and Lin began initiation of Camiwell's dissolution with final distributions to shareholders.

8. In response, Zhang accused Yuan and Lin of diverting assets and business opportunities from Camiwell to other entities to their benefit and at Zhang's expense.

9. On July 20, 2020, Zhang filed in the Santa Clara Superior Court (Case No.20CV368535) his "COMPLAINT FOR DIRECT AND DERIVATIVE CLAIMS FOR: 1. Breach of Fiduciary Duty, 2. Unfair Competition, 3. Violation of Corporations Code §§ 1601 and 1602,

2

4. Accounting" naming Yuan, Lin and Camiwell, Inc. as defendants (the "State Court Case").

10. The parties and their counsel subsequently litigated the State Court Case with parties obtaining discovery from each other. In August 2023, a few days before the scheduled jury trial, defendants Yuan and Lin tendered a Code of Civil Procedure § 998 offer to compromise to Zhang. Defendant Camiwell also concurrently tendered its own separate and independent Code of Civil Procedure § 998 offer to compromise to Zhang.

11. Zhang accepted both offers and Yuan/Lin tendered $50,000 and Camiwell tendered $353,000 to Zhang in satisfaction of the judgments to be entered, which Zhang accepted.

12. Being informed of Zhang's acceptances, Yuan requested the preparation of the documents for Camiwell's dissolution, which were forwarded the Zhang's attorneys.

13. On September 25, 2023, Zhang filed his "AMENDED NOTICE OF ACCEPTANCE BY PLAINTIFF JINJU ZHANG OF DEFENDANT CAMIWELL INC.'S C.C.P. SECTION 998 OFFER TO COMPROMISE" in the State Court Case (the "Camiwell Acceptance").

14. On September 25, 2023, Zhang filed his "AMENDED NOTICE OF ACCEPTANCE BY PLAINTIFF JINJU ZHANG OF DEFENDANTS BENLIN YUAN AND HONG LIN'S C.C.P. SECTION 998 OFFER TO COMPROMISE" in the State Court Case (the "Yuan/Lin Acceptance").

15. As of the date of this Counter-claim, proposed forms of judgment that were lodged by Zhang with the Superior Court on January 18, 2024 are awaiting signature by the judge presiding over the State Court Case.

16. The $353,000 payment by Camiwell to Zhang represented

100% of his personal shareholder distribution upon dissolution of Camiwell.

17. The $50,000 payment by Yuan/Lin was paid to Zhang in as a derivative recovery of Camiwell.

18. After his acceptance of the $353,000, Zhang refused to sign the corporate dissolution papers and has retained the $50,000 derivative recovery for himself and denies that it belongs to Camiwell claiming it as his own personal recovery.

Wherefore Counter-claimant Yuan prays for judgment in his favor and against Zhang as follows:

1) that Zhang be ordered to turnover to Yuan the $50,000 recovery that he obtained for Camiwell, Inc. in the State Court Case; and

2) for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 5/24/2024

/s/ John Chu
John Chu
Attorneys For Defendant and Counter-claimant Benlin Yuan

4