MICHAEL T. BEUSELINCK, SBN 251991
MICHAEL BEUSELINCK P.C.
490 43rd Street #37
Oakland, CA 94609
Telephone: (925) 800-3032
mike@lawmtb.com

Attorney for Defendant
ASIACOM AMERICAS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JINJU ZHANG, an individual,

Plaintiff,

v.

BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEIJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive,

Defendants.

Case No. 5:23-cv-5818-VC

**DEFENDANT ASIACOM AMERICAS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Time: 10:00 a.m.
Date: April 5, 2024
Judge: Hon. Vince Chhabria
Courtroom: 4—17th Floor

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 2

III. ARGUMENT ........ 4

A. The Complaint against Asiacom US should be dismissed because it fails to state a claim and is barred by the statute of limitations. ........ 4

1. The Amended Complaint fails to sufficiently state a claim for relief. ........ 4

2. All of the claims against Asiacom US are barred by the statute of limitations. ........ 5

3. The Amended Complaint fails to sufficiently state a plausible claim for Unjust Enrichment Based on Fraud (Third Cause of Action). ........ 9

4. The Amended Complaint fails to sufficiently state a plausible claim for Common Count: Money Had and Received (Fourth Cause of Action). ........ 11

5. The Amended Complaint fails to sufficiently state a plausible claim for Intentional Interference with Prospective Economic Relations (Seventh Cause of Action). ........ 12

IV. CONCLUSION ........ 14

## TABLE OF AUTHORITIES


**Page(s)**

**Cases**

Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503 (1994) ....... 13

*ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999 (9th Cir. 2014) ....... 6

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ....... 4, 5, 12

*Bank of America v. Knight*, 2013 WL 4016522 (7th Cir. Aug. 8, 2013) ....... 5

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ....... 4, 5

Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156 (9th Cir. 2016) ....... 4

*Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997 (D AZ 2004) ....... 4

Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd., 71 Cal.App.5th 528 (2021) ....... 13

*ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ....... 10

*Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) ....... 6

Gestion Lican, Inc. v. Good Earthkeeping Organization, Inc., 2021 WL 6693911 (C.D. Cal. Dec. 21, 2021) ....... 12

*Gray v. Evercore Restructuring L.L.C.*, 5 44 F.3d 320 (1st Cir. 2008) ....... 6

*Great Am. Ins. Co. v. Mowforth*, 2020 WL 12216543 (N. D. Cal. Dec. 1, 2020) ....... 12

*Guerrero v. JPM Morgan Chase Bank, N.A.*, 2023 WL 2374230 (C.D. Cal. Mar. 3, 2023) ....... 5

*Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096 (D. AZ 2003) ....... 6

*Hensley Mfg. v. ProPride, Inc.*,
579 F.3d 603 (6th Cir. 2009) ....................................................................................6

*Hill v. Roll Int'l Corp.*,
195 Cal.App.4th 1295 (2011) ....................................................................................11

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) ....................................................................................6

*In re Actimmune Marketing Litigation*,
2009 WL 3740648 (N.D. Cal. Nov. 26, 2009) ............................................................10

Ischel Pharma, LLC v. Biogen, Inc.,
9 Cal.5th 1130 (2020) ....................................................................................10

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) ....................................................................................9

*Kline v. Turner*,
87 Cal.App.4th 1369 (2001) ....................................................................................8, 9

*Knoell v. Petrovich*,
76 Cal.App.4th 164 (1999) ....................................................................................6

Lee v. Luxottica Retail North America, Inc.,
65 Cal. App. 5th 793 (2021) ....................................................................................2, 3, 10

Lincoln Nat'l Life Ins. Co. v. McClendon,
230 F.Supp.3d 1180 (2017) ....................................................................................6

Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,
507 F.3d 117 (2d Cir. 2007) ....................................................................................5

Regents of the University of California v. LTI Flexible Products, Inc.,
2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) ............................................................10

Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.,
2 Cal.5th 505 (2017) ....................................................................................12, 13

*Russell v. Walmart, Inc.*,
680 F.Supp.3d 1130 (N.D. Cal. 2023) ....................................................................10

Seismic Reservoir 2020, Inc. v. Paulsson,
785 F.3d 330 (9th Cir. 2015) ....................................................................................4

*Trembath v. Digardi*,
43 Cal. App. 3d 834 (1974) ....................................................................................6

Tu-Vu Drive-In Corp. v. Davies,
66 Cal.2d 435 (1967) ....................................................................................6

*Vera v. REL-BC, LLC*,
66 Cal.App.5th 57 (2021) ....................9

Von Saher v. Norton Simon Museum of Art at Pasadena,
592 F.3d 954 (9th Cir. 2010) ....................6

*Weisbuch v. County of Los Angeles*,
119 F.3d 778 (9th Cir. 1997) ....................6

**Statutes**

California Code of Civil Procedure § 128.7 ....................8

California Code of Civil Procedure § 338 ....................5, 8, 9

California Code of Civil Procedure § 339 ....................5, 6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................iv, 1, 4, 5, 6

Federal Rule of Civil Procedure 9(b)....................9, 10, 12

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on August 15, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 4 on the 17th Floor before the Honorable Vince Chhabria, defendant Asiacom Americas, Inc. ("Asiacom US") will move to dismiss this action against Asiacom US for failure to state a claim under Rule 12(b)(6). The motion will be based upon this notice, the memorandum of points and authorities, the supporting declaration of Michael T. Beuselinck filed herewith, any opposition or reply briefs, the oral argument of the parties, and the complete files and records for this action.

**STATEMENT OF RELIEF REQUESTED**

Asiacom US moves to dismiss the action for failure to state a claim under Rule 12(b)(6) because the third cause of action for conversion, fourth cause of action for common count: money had and received, and seventh cause of action for intentional interference with prospective economic relations pled against it fails to contain sufficient allegations to state plausible claims against Asiacom US. Each of these causes of action are also barred by the applicable statute of limitations.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Asiacom US moves to dismiss the FAC against it for failure to state a claim under Rule 12(b)(6).

This Court previously granted Asiacom US's motion to dismiss Plaintiff's initial complaint against Asiacom US alleging a single derivative claim of conversion. The claim was time-barred as Plaintiff was attempting to relitigate a state court case with the same claims against new parties, and this Court noted that it was difficult to see how Camiwell, Inc. ("Camiwell US") had any vested ownership interest in any of the business opportunities it allegedly lost. (Doc. 65, pages 2-3.) Plaintiff then filed a First Amended Derivative Complaint (the "FAC") alleging three entirely new derivative claims against Asiacom US based on the same operative allegations that defendant Beijing Asiacom Information Technology Co., Ltd. ("Beijing Asiacom") stopped providing business to Camiwell US and instead provided the business to its own subsidiary Asiacom US.

As alleged in the FAC, Asiacom US is alleged to be a subsidiary formed in 2018 by Beijing Asiacom to execute its business in the United States. Beijing Asiacom therefore stopped procuring the services of Camiwell US. The FAC essentially alleges that Yuan and Lin diverted corporate assets and business opportunities away from Camiwell US in 2018 and 2019. Although the FAC no longer asserts a claim of conversion against Asiacom US, the cause of action for unjust enrichment based on fraud, and a common count for money had and received, essentially allege that Asiacom US is a recipient of assets belonging to Camiwell US. However, the FAC does not allege any actionable fraud by Asiacom US, or any receipt by Asiacom US of identifiable funds belonging to Camiwell US. Despite the FAC's direction of an intentional interference with prospective economic relations toward Asiacom US, there are no substantive allegations that Asiacom US engaged in any interference with any binding economic relationship between Camiwell US and Beijing Asiacom. In other words, Plaintiff's Complaint fails to state a claim against Asiacom US.

Similar to the Plaintiff's initial complaint, the claims in the FAC against Asiacom US would be barred by the applicable three-year statute of limitations. As referenced in Plaintiff's Complaint, Plaintiff already filed and fully litigated a case in Santa Clara County Superior Court, Case No. 20CV368535 (the "State Case"), against Camiwell US and two individuals with whom Plaintiff was involved in Camiwell US's operations, Belin Yuan and Hong Lin. Plaintiff filed his State Complaint on July 20, 2020. Substantial portions of the allegations in the FAC are identical to those in his State Complaint and the initial complaint filed in this action. All three of the complaints allege shareholder derivative claims on behalf of Camiwell US. The only "new" factual allegations related to Asiacom US in the FAC compared to the original complaint in this action are that (1) defendant Benlin Yuan was its "key business manager and employee"; (2) that Asiacom US somehow engaged in "self dealing" because another subsidiary company Camiwell Canada received business from its parent company Beijing Asiacom; and (3) that Asiacom US received money from Beijing Asiacom that was "intended to be used for the benefit" of Camiwell US. (See FAC ¶¶ 7, 11(iii), 58-60.) The FAC also includes new alter ego allegations. (See FAC ¶¶ 15-20.) However, it must be noted that there are no specific allegations against Asiacom US contained within the seventh cause of action for intentional interference, but rather all allegations appear to be directed toward defendants Yuan, Lin, and Camiwell Canada. (See FAC ¶¶ 69-76.)

The FAC should be dismissed because it fails to state a claim against Asiacom US. Any claim arising from alleged conduct in 2018 or 2019 would exceed the applicable statute of limitations. Plaintiff has already been provided leave to amend, but still fails to state a plausible claim against Asiacom US. Therefore, Asiacom US respectfully requests that the dismissal be entered with prejudice and without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This Court previously granted Asiacom US's motion to dismiss the Plaintiff's initial complaint in this action. (See Doc. 65.) The order granting the motion indicated that the allegations of the initial complaint were "based on the alleged diversion of business in 2018 and

2019. But these claims are time barred … Zhang discovered the relevant facts—the transfer of Camiwell US's business to the Asiacom companies—by July 2020 at the latest, when he filed his state-court action." (Doc. 65, page 2.) Additionally, this Court stated that "[t]here is no reason to think that Camiwell US had a vested ownership interest in any of the business opportunities it allegedly lost. *See Lee v. Luxottica Retail North America, Inc.,* 65 Cal. App. 5th 793, 803 (2021) … Indeed, it's hard to see how the Asiacom companies could ever be liable simply for not doing business with Camiwell US. *See Lee*, 65 Cal. App. 5th at 803." (Doc. 65, page 3.)

The FAC's allegations are substantially similar to the allegations of Plaintiff's initial complaint. The FAC alleges that Asiacom US is a Virginia corporation conducting business in Santa Clara County, California. (Complaint ¶ 7; FAC ¶ 7.) Camiwell US's main customer was Asiacom China which comprised about 95% of Camiwell US's business. (Complaint ¶ 17; FAC ¶ 24.) The same allegation was made in paragraph 24 of the State Case complaint (the "State Complaint", attached as Exhibit 1 to the Declaration of Michael T. Beuselinck in Support of Asiacom Americas, Inc.'s Motion to Dismiss ("Beuselinck Decl.")). Asiacom China did not acquire Camiwell US (Complaint ¶¶ 17, 19; FAC ¶¶ 25, 27; *accord*, State Complaint, ¶ 18.) but instead established the wholly-owned subsidiary Asiacom US to be responsible for Asiacom China's business in the United States. (Complaint ¶¶ 20-21; FAC ¶ 27-28; *accord*, State Complaint, ¶ 18.) The Complaint further alleges that defendants Camiwell Canada, Yuan, and Lin diverted business from Camiwell US to benefit Camiwell Canada and the individual defendants. (Complaint ¶¶ 23-24; FAC ¶¶ 30-31; *accord*, State Complaint, ¶¶ 19-20, 29, 34.) Defendants Yuan and Lin are accused of making unauthorized withdrawals from Camiwell US following resolution of the State Case. (Complaint ¶¶ 25-30; FAC ¶¶ 32-37.)

Incorporating the above facts, the FAC then alleges three derivative causes of action by Camiwell US against Asiacom US. (FAC ¶¶ 51-60, 69-76.) The FAC claims that Asiacom US was "unjustly enriched by self dealing with its own employee and manager Yuan and [its] … sister company Camiwell Canada, and not having to pay fair market rate fees for the services rendered by Camiwell U.S. like they would have to in normal arm's length transactions." (FAC ¶ 52.) However, the specific factual allegations in the Complaint instead allege that it was

defendant Camiwell Canada that diverted Beijing Asiacom's business: "Camiwell Canada diverted Asiacom China's business from Camiwell US to Camiwell Canada … while outsourcing to Camiwell US to provide the same IT services for no consideration." (Complaint ¶ 23; FAC ¶ 30.) Plaintiff further alleges that it was defendants Yuan and Lin who profited "through Camiwell Canada at the expense of Camiwell US," (Complaint ¶ 23; FAC ¶ 31) and that they were paid for the sale of Camiwell Canada in June 2019. (Complaint ¶ 22; FAC ¶ 29.) Each and all of the other causes of action are pled against only Yuan and Lin.[1]

Identical to his initial complaint, Plaintiff alleges that none of the facts in the FAC were known to Plaintiff at the time he filed the State Case (Complaint ¶ 24; FAC ¶ 31), the two cases mirror each other and certain allegations in the two cases are recited verbatim (Complaint at page 5, fn.3; FAC at page 7, fn.3). The exception is that the FAC again contains the new allegations of recent conduct by Yuan and Lin in September 2023, just weeks after the State Case was resolved. (Complaint ¶¶ 25-30; FAC ¶¶ 32-37.) Again, all of the conduct pertaining to Asiacom US is alleged to have occurred in the years of 2018 and 2019.

## III. ARGUMENT

### A. The Complaint against Asiacom US should be dismissed because it fails to state a claim and is barred by the statute of limitations.

#### *1. The Amended Complaint fails to sufficiently state a claim for relief.*

A Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016); *Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997, 1000 (D AZ 2004) (citing text); see *Seismic Reservoir 2020, Inc. v. Paulsson,* 785 F.3d 330, 335 (9th Cir. 2015). The Supreme Court decisions in *Iqbal* and *Twombly* rejected conclusory pleadings and required that a plaintiff "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the

[1] The Fourth Cause of Action for preliminary injunction includes Bank of America as a nominal defendant regarding the Camiwell US funds presently on account.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Conclusory statements do not "unlock the doors of discovery." *Id.* at 1950. Determining whether a complaint states a plausible claim requires the court "to draw on its judicial experience and common sense." *Id.* In considering a motion to dismiss, the court should first identify what well-pleaded factual allegations are in the complaint and next determine whether the well-pleaded facts (not legal conclusions) plausibly give rise to an entitlement to relief. *See id.* The Court should consider whether the factual allegations "are not merely consistent with the conclusion that the defendant violated the law, but . . . actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 557).

In this multidefendant case, the Complaint fails to allege any specific wrongful conduct by Asiacom US. "Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America v. Knight*, 2013 WL 4016522, at *3 (7th Cir. Aug. 8, 2013) (dismissing 87-page complaint that was "short on specifics though not on words"). Plaintiff's allegations against Asiacom US conclude that somehow it engaged in "self dealing" and that it was "unjustly enriched" or "took the money away" from Camiwell US. However, it never alleges specific unlawful conduct Asiacom US in which it purportedly engaged. Plaintiff's claims against Asiacom US are just the sort of vague claim that *Iqbal* and *Twombly* intended to weed out at the pleading stage and should be dismissed for failure to state a claim.

Here, Plaintiff failed to amend his complaint to include allegations or claims addressing the deficiencies of Plaintiff's original complaint as identified by this Court's order granting Asiacom US's prior motion to dismiss. (See Doc. 65, pages 2-3.) Therefore, the Court should dismiss the Complaint against Asiacom US because it fails to state a claim upon which relief may be granted under Rule 12(b)(6).

***2. All of the claims against Asiacom US are barred by the statute of limitations.***

All three of Plaintiff's causes of action against Asiacom US exceeds the applicable statute of limitations. First, California Code of Civil Procedure § 338(d) provides that an action for relief of unjust enrichment "on the ground of fraud or mistake" must be filed within three years of the

accrual of the basis for the cause of action. *see also Guerrero v. JPM Morgan Chase Bank, N.A.*, 2023 WL 2374230, at *2 (C.D. Cal. Mar. 3, 2023) (where fraud or mistake is basis for claims of money had and received and unjust enrichment, the three-year statute in Section 338(d) applies).

Second, for a common count claim, California Code of Civil Procedure § 339(1) provides that an action "upon a contract, obligation or liability not founded upon an instrument of writing" must be filed within two years of the accrual of the basis for the cause of action. *See Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.Supp.3d 1180, 1188 (2017).

Third, and also pursuant to California Code of Civil Procedure § 339(1), a claim of intentional interference with prospective economic relations has a two-year limitation period to file a claim. See *Tu-Vu Drive-In Corp. v. Davies*, 66 Cal.2d 435, 437 (1967); *accord*, *Knoell v. Petrovich*, 76 Cal.App.4th 164, 168 (1999) (interference with contract and interference with prospective economic relationship both governed by two-year statute). The interference claim accrues from the date of the wrongful act, which can be no later "than the actual breach of the contract by the party who was wrongfully induced to breach." *Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (1974). Regardless of whether a two-year or three-year period applies to each of the FAC's claims against Asiacom US, the alleged conduct in 2018 and 2019 is well outside the three-year limitations period.

A complaint may be dismissed under Rule 12(b)(6) where the running of the statute of limitations is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. *Frame v. City of Arlington*, 657 F.3d 215, 239-240 (5th Cir. 2011); V*on Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009); *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1102 (D. AZ 2003) (citing text). The facts

establishing that defense must "be definitively ascertainable from the complaint and other allowable sources of information" and "suffice to establish the affirmative defense with certitude." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (internal quotes omitted); *ASARCO, LLC v. Union Pac. R.R. Co.,* 765 F.3d 999, 1004 (9th Cir. 2014).

This Court already held that Plaintiff's prior claim for conversion was barred by the three-year statute of limitations for conversion. (May 15, 2024 Order, Docket No. 65, at 2-3.) Now, in place of conversion, Plaintiff pleads three new causes of action arising from the same operative facts, even though the limitations period for all of the causes of action is three years or less. Identical to Plaintiff's initial complaint, the FAC acknowledges that the Plaintiff and his counsel were informed and knowledgeable of the facts alleged in the FAC more than three years ago. Specifically, in the State Complaint, Plaintiff alleged that "[a]round the same time that Asiacom US entered the Canadian and US markets, Yuan began pushing Zhang to dissolve Camiwell, Inc. Zhang was suspicious of the dissolution because he believed Yuan and Lin may be attempting to cut Zhang out of Camiwell, Inc. and transfer all of Camiwell, Inc.'s assets and business to Asiacom US, a company in which Zhang does not own an interest as outlined below, thereby depriving Zhang of money to which he would be entitled as a shareholder." (State Complaint ¶ 29.) The FAC expressly references the State Complaint's allegations and Mr. Zhang's knowledge in 2020 as follows:

> "Zhang believes that, since the acquisition with Asiacom fell through, Yuan and Lin have been transferring Camiwell Inc.'s assets, including but not limited to, money, employees, the lease for Camiwell Inc.'s office, and equipment, to Asiacom or Asiacom US, either directly or through Camiwell Canada, for little or no consideration, and without Board of Director approval. … Additionally, in January 2019, Camiwell, Inc.'s employees were transferred to Asiacom or Asiacom US. … [I]n July 2019, Camiwell Inc.'s lease for office space was transferred to Asiacom or Asiacom US. As a result, at the end of 2018, Asiacom/Asiacom US informed Zhang that it would no longer need Camiwell, Inc.'s services, effectively forcing Camiwell, Inc. out of business."

(FAC fn. 3; Complaint fn. 3; and State Compliant ¶ 20.) The Complaint and FAC identically

allege that "[n]one of said information and facts were available to Zhang at the time he filed the State Case, and the same were not alleged as part of his claims in that action." (Complaint ¶ 24; FAC ¶ 31.) However, whether Plaintiff could confirm his beliefs is not germane to the issue of whether Plaintiff had knowledge or notice of the facts giving rise to a cause of action for conversion. Plaintiff's counsel affixed a signature to the complaint pursuant to California Code of Civil Procedure § 128.7(b) certifying that Plaintiff and his attorneys had sufficient knowledge, information, and belief in 2020 to file suit alleging diversion of corporate assets to Asiacom US as early as 2018. Yet Asiacom US was not named as a party defendant in the State Case. Clearly through the filing of the State Complaint and the nearly identical allegations to the Complaint and FAC, Plaintiff is unable to contradictorily allege that he did not have information and facts available to make the FAC's claims against Asiacom US.

The FAC references allegations made in the State Complaint that Plaintiff believed Yuan and Lin transferred Camiwell US's "assets, including but not limited to, money, employees, the lease for Camiwell, Inc.'s office, and equipment" to Asiacom US. (FAC fn. 3 and State Complaint ¶ 20.) Even assuming that the basis of a claim accrued from events in 2018 to 2019, those events are well outside the limitations period which would extend back to no earlier than November 10, 2020 (three years before filing of this lawsuit). Moreover, as to any potential tolling, there is no allegation that Asiacom US fraudulently concealed facts or failed to disclose facts in violation of a fiduciary duty to Plaintiff. There is no basis to allege that Asiacom US owed a fiduciary duty to Plaintiff or Camiwell US, as there is no allegation that they respectively were ever shareholders, officers, or directors of Asiacom US.

Plaintiff also alleges three unauthorized withdrawals by defendants Yuan and Lin from Camiwell US's bank account after the Cal. C.C.P. § 998 offers were accepted in the state court action, but such allegations are made against only Yuan and Lin. (See FAC ¶¶ 32-37.) Asiacom US is not alleged to have any involvement in any of the events occurring after Plaintiff initiated the State Case.

While the limitations period for the FAC's claims arising under Section 338(d) does not begin to accrue until discovery of the fraud or mistake, "[t]he courts interpret discovery in this

context to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing." *Kline v. Turner*, 87 Cal.App.4th 1369, 1374 (2001). "The statute of limitations begins to run when the plaintiff has information which would put a reasonable person on inquiry. A plaintiff need not be aware of the specific facts necessary to establish a claim since they can be developed in pretrial discovery. Wrong and wrongdoing in this context are understood in their lay and not legal senses." *Id.*

The California Supreme Court has instructed that "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, he must decide whether to file suit or sit on his rights. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988). "So long as a suspicion exists, [plaintiff] must go find the facts; [plaintiff] cannot wait for the facts to find her." *Id.* Accordingly, the cases construing C.C.P. § 338(d), have held that plaintiff must "affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual *or presumptive* knowledge of facts sufficient to put him on inquiry." *Vera v. REL-BC, LLC*, 66 Cal.App.5th 57, 69 (2021) (emphasis in original).

As shown in paragraphs 17-20 and 22-23 of the State Complaint filed in July 2020, Plaintiff was well aware of the benefits and money that defendants Yuan and Lin were allegedly diverting: "Zhang believes that, since the acquisition with Asiacom fell through, Yuan and Lin have been transferring Camiwell Inc.'s assets, including but not limited to, money, employees, the lease for Camiwell Inc.'s office, and equipment, to Asiacom or Asiacom US, either directly or through Camiwell Canada, for little or no consideration, and without Board of Director approval." (State Complaint, ¶ 20.) Plaintiff had a suspicion of the wrongdoing he alleges now in this later-filed action; indeed, it was far more than a suspicion as the gist of the two complaints is the same. Plaintiff was allegedly injured by defendant Yuan's purported plan to benefit himself at the expense of Plaintiff by diverting assets. Thus, Plaintiff clearly knew he was injured and filed a lawsuit in state court. This more than satisfies the test for the discovery rule.

***3. The Amended Complaint fails to sufficiently state a plausible claim for***

***Unjust Enrichment Based on Fraud (Third Cause of Action).***

Under the heightened pleading standard in Rule 9(b), a plaintiff "must explicitly aver 'the who, what, when, where, and how' of the alleged fraudulent conduct. In addition, plaintiff[] must 'set forth an explanation as to why [a] statement or omission complained of was false and misleading.'" *In re Actimmune Marketing Litigation*, 2009 WL 3740648, at *6 (N.D. Cal. Nov. 26, 2009). Because it is based on allegations of fraudulent conduct, Plaintiff's third cause of action for "unjust enrichment based on fraud" must be pled with particularity in conformance with Rule 9(b). *See id.*, at *16; *accord*, *Regents of the University of California v. LTI Flexible Products, Inc.*, 2021 WL 4133869, at * 10 (N.D. Cal. Sept. 10, 2021). While California courts are split on whether a cause of action for unjust enrichment exists, the Ninth Circuit construed California law to provide that such a cause of action exists where a defendant has "received and unjustly retained a benefit at another's expense." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Merely realizing a gain at another's expense is not enough; instead, restitution requires "that a defendant has been *unjustly* conferred a benefit 'through mistake, fraud, coercion, or request.'" *Russell v. Walmart, Inc.*, 680 F.Supp.3d 1130, 1133 (N.D. Cal. 2023) (emphasis in original).

The third cause of action fails to plead with particularity the who, what, when, where and how of any unjust enrichment by fraud, much less show a plausible basis for any such fraud. It does not set forth *any* representation by which Asiacom US purportedly defrauded Plaintiff. Indeed, there is no well-pleaded fact alleging that Asiacom US did anything more than conduct domestic operations for its parent company Beijing Asiacom after the parent company terminated its relationship with Camiwell US. Plaintiff alleges that Beijing Asiacom was the main customer of Camiwell US and accounted for about 95% of the business of Camiwell US. (FAC, ¶ 24.) Plaintiff further alleges that, on November 26, 2018, Beijing Asiacom set up a US subsidiary, Asiacom US, "to be responsible for the execution of its business in the United States." (*Id.*, ¶ 27.) Referring to his prior complaint in Santa Clara County Superior Court, Plaintiff further alleges that "at the end of 2018, Asiacom/Asiacom US informed [Plaintiff] that it would no longer need Camiwell, Inc.'s services, effectively forcing Camiwell, Inc. out of business." (*Id.*, ¶ 28 n.3.)

Even assuming that there was some sort of relationship between Beijing Asiacom and Camiwell US by which they transacted business, a party to such a relationship is entitled to stop doing business at its prerogative; absent a binding contract, "the other party has no legal claim to the continuation of the relationship." *Ischel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130, 1147 (2020); *see also Lee v. Luxottica Retail North America, Inc.*, 65 Cal.App.5th 793, 803 (2021) (no right to restitution absent a vested ownership interest). There is no allegation in the FAC that there was a binding services contract between Beijing Asiacom and Camiwell US. Beijing Asiacom's lawful conduct in terminating a business relationship to which it is not required to continue cannot plausibly be characterized as fraud.

Moreover, contrary to its claim that Asiacom US was unjustly enriched, Plaintiff pleads that it was defendants Yuan and Lin who purportedly received money from Camiwell Canada at the expense of Camiwell US. (FAC, ¶ 53.) The only allegation of enrichment of Asiacom US is that it was "self dealing" and did not pay some unidentified "fair market fees for the services rendered by Camiwell US" so that it "received the benefit of Camiwell U.S.'s labor and services for little or no consideration[.]" (FAC, ¶¶ 52 and 54.) The FAC alleges that Yuan and Lin "transferred Camiwell U.S.'s assets to … Asiacom U.S." but similar to the original complaint's vague conversion allegations, there is no allegation as to what specific property belonging to Camiwell US were received by Asiacom US. (FAC, ¶ 54.) Nowhere does Plaintiff allege that Asiacom US ever had a direct business relationship with Camiwell US, and its allegation that some unidentified fees payable by Beijing Asiacom were somehow below some unidentified "market" rate is not supported by any well-pleaded fact, or any fact at all. As there is no fraud, there is no "unjust enrichment." *See, e.g.*, *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1307 (2011) (finding no fraud and then holding that, as there was no wrong, there was no basis for restitution as part of an unjust enrichment cause of action).

***4. The Amended Complaint fails to sufficiently state a plausible claim for Common Count: Money Had and Received (Fourth Cause of Action).***

Plaintiff's claim for "money had and received" fails to plead any sum of money actually received by Asiacom US for the use of Camiwell US. It is particularly backwards for such a claim

to be pled against Asiacom US given that the gist of Plaintiff's complaint is that Beijing Asiacom was paying money to Camiwell US, not receiving money for its use. Again, it is unclear how a foreign parent company using its own subsidiary to carry out domestic operations could be unlawful, especially considering there was not contractual obligation for Beijing Asiacom to continue providing business to Camiwell US.

There are no well-pleaded facts stating a plausible claim for a common count. The elements of a claim for money had and received are that (1) defendant received money, (2) the money defendant received was for plaintiff's use, and (3) defendant is indebted to plaintiff. *Gestion Lican, Inc. v. Good Earthkeeping Organization, Inc.*, 2021 WL 6693911, at *2 (C.D. Cal. Dec. 21, 2021). The substance of the claim is that the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff: "[Plaintiff] is unable to cite to any cases where a court upheld a count for money had and received *where no money was received by the defendant*." *Id.*, at *3 (granting summary judgment to defendant) (emphasis added). The same is true here: The FAC cites to no sum of money received by Asiacom US that was for Camiwell US's use, or that Asiacom US was indebted to Camiwell US.

Not only does the cause of action fail the basic *Iqbal* test, it also fails to meet the Rule 9(b) standard. Where a plaintiff alleges a unified course of fraudulent conduct as the basis for his claims, all of the claims are subject to the heightened pleading standard in Rule 9(b), including claims for money had and received. *Great Am. Ins. Co. v. Mowforth*, 2020 WL 12216543, at *2 (N. D. Cal. Dec. 1, 2020) (granting motion to dismiss claim for money had and received).

***5. The Amended Complaint fails to sufficiently state a plausible claim for Intentional Interference with Prospective Economic Relations (Seventh Cause of Action).***

Plaintiff fails to plead any of the elements of the claim and, oddly enough, actually pleads that Beijing Asiacom did *not* interfere in any relationship. Intentional interference with prospective economic advantage has five elements: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally

wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action. *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal.5th 505, 512 (2017). "The case law recognizes that 'the interference tort applies to interference with *existing* noncontractual relations which hold the promise of future economic advantage.' The tort's requirements 'presuppose the relationship existed *at the time* of the defendant's allegedly tortious acts lest liability be imposed for actually and intentionally disrupting a relationship which has yet to arise.'" *Id.*, at 517-18 (emphasis in original). The California Supreme Court found the trial court had properly sustained a demurrer without leave to amend where the plaintiff suing another bidder on a public works contract had failed to allege a "protectible expectancy," but rather had only deficiently alleged a mere "hope for an economic relationship and a desire for future benefit." *Id.* at 517.

Here, Plaintiff likewise fails to plead any protectible expectancy between Camiwell US and some third party. To the contrary, Plaintiff alleges that Camiwell US and *Beijing Asiacom* "were in an economic relationship," not Camiwell US and some third party. (FAC, ¶ 70.) Plaintiff further alleges that Camiwell US and Beijing Asiacom had some identified subcontract. But a defendant cannot interfere in its own contract or economic relationship. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 514, 517-18 (1994). On top of those basic flaws in its claims, Plaintiff also fails to allege how Beijing Asiacom had knowledge of any such protectible expectancy, how it committed an intentional wrongful act designed to disrupt the relationship, the actual disruption thereof, and resulting economic harm.

Finally, on top of all of those fatal deficiencies, Plaintiff goes so far as to allege the opposite of his claim, i.e., that it was defendants Yuan, Lin and Camiwell Canada who intended to disrupt the relationship between Camiwell US and Beijing Asiacom. (FAC, ¶ 73.) Thus, Beijing Asiacom did not disrupt any protectible economic relationship, much less do so by committing an independently wrongful act. *See Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.,* 71 Cal.App.5th 528, 538 (2021) ("The requirement that the defendant's interference be independently wrongful means that it is not enough for a plaintiff to show that the defendant interfered with the plaintiff's economic relationship with the third party, even if the defendant did

so with an improper motive. To establish that the defendant's interfering conduct was independently wrongful, the plaintiff must instead prove that the conduct—whether directed at the plaintiff or someone else—was 'proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.'") (citations omitted).

## IV. CONCLUSION

For all the foregoing reasons, Asiacom US respectfully requests that the First Amended Derivative Complaint against it be dismissed with prejudice for failure to state a claim, as Plaintiff would be unable to amend to state a valid claim not barred by any applicable statute of limitation. If the court is inclined to provide further leave to amend, Asiacom US respectfully requests that leave to amend only be allowed as to the existing three claims already alleged against Asiacom US.

MICHAEL BEUSELINCK P.C.

Dated: June 12, 2024

By: /s/ Michael T. Beuselinck
MICHAEL T. BEUSELINCK
Attorney for Defendant
ASIACOM AMERICAS, INC.