James Cai (#200189)
Brian A. Barnhorst (#130292)
Dennis Chin (#236466)
**SAC ATTORNEYS LLP**
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789

Attorneys for Plaintiff, **JINJU ZHANG**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BENLIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEIJING ASIACOM INFORMATION TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1-20, inclusive <br><br> Defendants. | Case No.: 5:23-cv-5818-VC <br><br> **OPPOSITION TO MOTION OF ASIACOM AMERICAS TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date:      August 15, 2024 <br> Time:      10:00 a.m. <br> Judge:     Hon. Vince Chhabria <br> Courtroom: 4 – 17th Floor |

Plaintiff, JINJU ZHANG ("Plaintiff"), submits the following opposition to the motion of ASIACOM AMERICAS, INC. ("Asiacom Americas"), to dismiss the First Amended Complaint.

## I. INTRODUCTION

Plaintiff has stated (or at least is capable of stating) valid claims against Asiacom Americas, premised on the following facts. Plaintiff owned Camiwell US along with Defendants YUAN ("Yuan") and LIN. When Plaintiff was unwilling to sell Camiwell US to Beijing Asiacom (because Yuan refused to give Plaintiff the details of the proposed transaction), Beijing Asiacom did the following without Plaintiff's knowledge: First, it caused its agent, Yuan, to create a shell company, Asiacom Americas; it named Yuan's brother, Ben Tao Yuan, as CEO; it named as directors Ben Tao Yuan and two principals of Beijing Asiacom—Feng Wang (Beijing Asiacom's General Manager) and Jiang Xu; and it used the Virginia address of Camiwell U.S. as its own. Second, it caused Yuan to transfer all the assets and employees of Camiwell US to Asiacom Americas for minimal compensation.[1]

## II. ARGUMENT

### A. Validity of Claim for Unjust Enrichment

Plaintiff's unjust enrichment claim is simple. Plaintiff owned Camiwell US along with Defendants YUAN ("Yuan") and LIN. When Plaintiff was unwilling to sell Camiwell US to Beijing Asiacom (because Yuan refused to give Plaintiff the details of the proposed transaction), Beijing Asiacom did the following without Plaintiff's knowledge: First, it caused its agent, Yuan, to create a shell company, Asiacom Americas; it named Yuan's brother, Ben Tao Yuan, as CEO; it named as directors Ben Tao Yuan and two principals of Beijing Asiacom—Feng Wang (Beijing Asiacom's General Manager) and Jiang Xu; and it used the Virginia address of Camiwell U.S. as its own. Second, it caused Yuan to transfer all the assets

---

[1] Asiacom Americas acquired all the assets of Camiwell U.S. for their book value of $37K; their actual value was between $450K (based on the offer to purchase Camiwell U.S.) and $1.95M (the acquisition price of Camiwell Canada was $1.5M). The employment contracts were transferred to Asiacom Americas for no compensation.

and employees of Camiwell U.S. to Asiacom Americas for minimal compensation.[2]  Plaintiff only learned of the Asset Transfer Agreement from Yuan's discovery responses in or about October of 2021.

On or about 11/20/18, Feng Wang, as General Manager of Beijing Asiacom, sent an email to Camiwell U.S., in which he said the following: "During the transition, US Camiwell onsite engineers will assist Asiacom US onsite engineers to complete onsite operation maintenance."  Instead, he caused Beijing Asiacom to ransack and loot Camiwell U.S., stripping it bare.  Because Plaintiff only learned of the Asset Transfer Agreement in or about October of 2021, the statute of limitations did not begin to run until that time.

### B. Validity of Remaining Claims[3]

Plaintiff acknowledges that the Common Count and Intentional Interference claims are not perfectly pleaded.  However, we ask for leave to amend the common count claim and to assert claims for fraud and breach of the implied covenant of good faith and fair dealing.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion be denied in its entirety.  In the event the Court grants any part of the motion, Plaintiff asks that he be allowed to further amend; a proposed Second Amended Complaint is appended to the accompanying Declaration of Brian A. Barnhorst.

Dated:  June 26, 2024                                    SAC Attorneys LLP


                                                        By: Brian A. Barnhorst
                                                        James Cai, Esq.
                                                        Brian A. Barnhorst, Esq.
                                                        Dennis Chin, Esq.
                                                        Attorneys for Plaintiff, JINJU ZHANG

---

[2] Asiacom Americas acquired all the assets of Camiwell U.S. for their book value of $37K; their actual value was between $450K (based on the offer to purchase Camiwell U.S.) and $1.95M (the acquisition price of Camiwell Canada was $1.5M). The employment contracts were transferred to Asiacom Americas for no compensation.

[3] In the event the Court finds that any part of the First Amended Complaint is deficient but curable, Plaintiff asks that he be allowed to further amend; a proposed Second Amended Complaint is appended to the accompanying Declaration of Brian A. Barnhorst.