AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
MEGAN N. ALDWORTH (State Bar No. 351462)
mna@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant/Counter-Claimant Bank of America N.A. erroneously sued as BANK OF AMERICA CORPORATION, a National Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JINJU ZHANG, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BELIN YUAN, an individual; HONG LIN, an individual; CAMIWELL, INC., a California corporation; CAMIWELL, INC. (CANADA), a Canadian corporation; BEJING ASIACOM TECHNOLOGY CO., LTD., a Chinese corporation; ASIACOM AMERICAS, INC., a Virginia corporation; BANK OF AMERICA CORPORATION, a National Association; and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 5:23-cv-05818-VC <br><br> **COUNTER-CLAIMANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DEPOSIT DISPUTED FUNDS INTO THE REGISTRY OF THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed concurrently with [Proposed] Order]* <br><br> Honorable Vince Chhabria <br> Courtroom 4, 17th Floor <br><br> Date: September 12, 2024 <br> Time: 10:00 a.m. <br><br> Date Filed:   November 10, 2023 <br> Date of Trial:  None Set |
| BANK OF AMERICA, N.A., <br><br> Counter-Claimant, <br><br> vs. <br><br> JINJU ZHANG, an individual; CAMIWELL, INC., a California corporation; and ROES 1 to 20, inclusive, <br><br> Counter-Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2024, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vince Chhabria, Counter-Claimant BANK OF AMERICA, N.A. ("BANA") will, and hereby does, move for an Order permitting it to deposit $211,743.64 (the "Disputed Funds") into the registry of the Court, there to abide judgment of the Court, pursuant to the Federal Rules of Civil Procedure, Rule 67, and Title 28, United States Code, Section 1335.

This Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Counterclaim for Interpleader and Declaratory Relief, the pleadings and records on file in this action, and on any further briefs, evidence, authorities, or argument presented before or at the hearing on this motion.

DATED:  August 7, 2024

SEVERSON & WERSON
A Professional Corporation

By:  */s/ Megan N. Aldworth*
         MEGAN N. ALDWORTH

Attorneys for Defendant/Counter-Claimant Bank of America N.A. (erroneously sued as BANK OF AMERICA CORPORATION, a National Association)

## MEMORANDUM OF POINTS AND AUTHORITIES

Bank of America, N.A. ("BANA") filed a Counterclaim for Interpleader and Declaratory Relief under Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, against Plaintiff and Counter-Defendant Jinju Zhang, and Cross-Defendant Camiwell, Inc., a California Corporation, (collectively, "Counter-Defendants") on January 8, 2024.[1] Dkt. 14.

Under 28 U.S.C. § 1335, a stakeholder is required to deposit the disputed funds with the Court. While a Rule 22 interpleader action does not require the same, Rule 67 provides "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing…" Fed. R. Civ. Proc. 67(a); *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79 (9th Cir. 1982).

BANA's Counterclaim for Interpleader and Declaratory Relief, alleges BANA has the Disputed Funds, amounting to **$211,743.64**, to which Counter-Defendants may claim entitlement, in its custody and possession. Dkt. 14. The Counterclaim further avers BANA seeks to interplead the Counter-Defendants' claims to the Disputed Funds; to deposit the Disputed Funds with the Court, subject to any offset for BANA's reasonable fees and costs; and to discharge BANA, a disinterested stakeholder, from liability, and restrain the Counter-Defendants from instituting or pursuing any action against BANA with regard to the Disputed Funds.

Pursuant to the Federal Rules of Civil Procedure, Rule 67, and Title 28, United States Code, Section 1335, BANA respectfully moves this Court for an Order permitting it to deposit the Disputed Funds into the registry of the Court, to be held by the Court and disposed of according to such other and further orders relating to the

---

[1] Counter-Defendant Zhang was served via ECF on January 8, 2024, and BANA was relieved from its obligation to serve Cross-Defendant Camiwell, Inc., via the Court's Minute Order dated May 24, 2024. Dkt. 14, 70.

1  claims advanced by the Counter-Defendants regarding entitlement to the Disputed
2  Funds.  Upon entry of the proposed Order, BANA will promptly "deliver to the clerk
3  a copy of the order permitting deposit[,]" and deposit the Disputed Funds.
4  Fed. R. Civ. P. 67.

6  DATED:  August 7, 2024                    SEVERSON & WERSON
                                              A Professional Corporation


                                              By:     */s/ Megan N. Aldworth*
                                                      MEGAN N. ALDWORTH

                                              Attorneys for Defendant/Counter-Claimant
                                              Bank of America N.A. (erroneously sued as
                                              BANK OF AMERICA CORPORATION, a
                                              National Association)