UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINJU ZHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENLIN YUAN, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-05818-VC<br><br>**ORDER REGARDING MOTIONS TO DISMISS COMPLAINT, MOTION TO DISMISS COUNTERCLAIM, MOTION TO STRIKE, MOTION FOR DISCOVERY, AND MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 76, 78, 80, 82, 83, 89, 99, 100 |

　　　　1. The motions to dismiss are granted. The claims against Asiacom Americas are time-barred. Under California law, in fraud cases, the statute of limitations begins to run when the plaintiff has reason to suspect that "a type of wrongdoing has injured them," even if they do not know the identity of the person who harmed them or the exact mechanism by which they were injured. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005); *see also Bernson v. Browning-Ferris Industries*, 7 Cal. 4th 926, 931–33 (1994); *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373–76 (2001). Zhang's state court complaint shows that he suspected that he had been injured by wrongdoing by December 2018, when he hired an attorney to investigate Camiwell US's finances—and at the absolute latest by July 2020, when he filed suit in state court. This case was not filed until November 2023. His claims are therefore barred by the relevant statutes of limitations, which are three years for his claim for unjust enrichment based on fraud; two years for his claim for intentional interference with prospective economic advantage; and either two or three years for his claim for money had and received, depending on whether the claim is

based on fraud. Cal. Code of Civ. Proc. § 338(d) (fraud); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999) (interference with prospective economic advantage); *Guerrero v. JPMorgan Chase Bank, N.A.*, 2023 WL 2374230, at *2 (C.D. Cal. Mar. 3, 2023) (money had and received based on fraud); *Murphy v. American General Life Insurance Co.*, 74 F. Supp. 3d 1267, 1280 (C.D. Cal. 2015) (money had and received not based on fraud). Moreover, to the extent Zhang alleges that all of the defendants are alter egos of each other, his claims against Asiacom Americas would be barred by res judicata because of the state court judgment against Yuan and Lin. *Rolloco Holdings, Inc. v. VLP Capital, Inc.*, 2019 WL 1491175, at *3 (C.D. Cal. Apr. 4, 2019). Because the statute of limitations issue cannot be fixed by amendment, and Zhang has already had one opportunity to add claims that are not time-barred, this dismissal is with prejudice.

      The complaint does not include enough detail to determine the nature and extent of Beijing Asiacom's and Camiwell Canada's contacts with California, so there is no personal jurisdiction over them. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Because the claims against them would also be barred by the statutes of limitations and res judicata, there is no reason to give leave to amend or to allow jurisdictional discovery. So these claims are also dismissed with prejudice, and the motion for discovery is denied as moot.

      2. The motion to strike is denied. Because the claims against the Asiacom companies and Camiwell Canada are dismissed with prejudice, the motion is moot as to the complaint's alter ego allegations. And the other allegations that Yuan and Lin seek to strike from the complaint provide background that gives a fuller understanding of the lawsuit and are not unduly prejudicial. *See LeDuc v. Kentucky Central Life Insurance Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

      3. The motion to dismiss Yuan's amended derivative counterclaim is granted with leave to amend. As he concedes, the amended counterclaim does not comply with Rule 23.1's requirements for a derivative complaint. Moreover, as observed in the order dismissing the original counterclaim, Yuan asked that the $50,000 that allegedly belongs to Camiwell US be

turned over to him, not to the company. Again, if that money belongs to Camiwell US, the derivative counterclaim needs to seek its return to the company, not to Yuan. *See Grosset v. Wenaas*, 42 Cal. 4th 1100, 1108 (2008). Before this order was published, Yuan filed a second amended derivative counterclaim that fixes the Rule 23.1 problems. But that counterclaim still seeks to have the money turned over "to Yuan as custodian for the benefit of Camiwell," rather than to have the money turned over to Camiwell itself. So it still does not state a derivative claim. Yuan will have leave to amend this counterclaim one last time to correct this. Any renewed derivative counterclaim is due within 14 days of this order.

    4. Yuan and Lin's motion for summary judgment is denied. It is not clear from the compromise judgment, offer to compromise, or state court complaint that the state court compromise judgment was meant to resolve Zhang's claims to *all* Camiwell US assets, rather than just to those assets allegedly siphoned off. Zhang remained a shareholder after the judgment, indicating that the relationship between him and the company would continue to at least some degree. Although discovery in the state court case included discovery into the company's remaining assets, it isn't clear that the purpose of that discovery was to help Zhang establish and recover his share of the company's total assets.

    Given this uncertainty, summary judgment can't be granted, at least on this record. Counsel for Yuan and Lin acknowledged at the hearing that the compromise materials did not explicitly state what rights or potential claims of Zhang's the compromise judgment was meant to extinguish. Compromise judgments and agreements are interpreted like contracts. *Rappenecker v. Sea-Land Service, Inc.*, 93 Cal. App. 3d 256, 263 (1979). Where the meaning of an ambiguous contract can't be determined through other means of interpretation, "the contract should be interpreted most strongly against the party who prepared it." *E.g.*, *Powers v. Dickson, Carlson & Campillo*, 54 Cal. App. 4th 1102, 1112 (1997); Cal. Civ. Code § 1654. And this rule "applies with even greater force when the person who prepared the writing is a lawyer." *Breathe Southern California v. American Lung Association*, 88 Cal. App. 5th 1172, 1182 (2023). Therefore, the ambiguity in the offer of compromise and resulting judgment must be interpreted

against Camiwell US, who appears to have drafted it—not against Zhang.[1] In addition, as the parties asserting res judicata, Yuan and Lin have the burden of establishing it. *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 529 (2008). Given all that, the motion must be denied.

But the denial is without prejudice to bringing a renewed motion. If there are additional materials from the state case that clearly show that Zhang put into issue his entitlement to a distribution of his entire share of Camiwell US's assets—and sought to recover that amount—then that could show that the money Camiwell paid to Zhang was meant to resolve all of Zhang's potential claims to the company's assets, and that the state court judgment would have preclusive effect here. *See, e.g.*, *Ellena v. State of California*, 69 Cal. App. 3d 245, 259 (1977). Therefore, at the close of discovery, if Yuan and Lin wish to re-raise the issue on a stronger record, they may do so.

**IT IS SO ORDERED.**

Dated: August 21, 2024

VINCE CHHABRIA
United States District Judge

---

[1] Although Camiwell US had different attorneys than Yuan and Lin in the state case, the language of the two settlement offers is almost identical.